LEVI TILLOTSON, Appellant, *v.* EDMUND W. WOLCOTT,
Respondent.

A judgment recovered by a debtor against his creditor for an unlawful levy upon, and sale of exempt property, cannot be reached by the creditor through proceedings supplementary to execution. Such judgment represents the property for the value of which it was recovered. The proceeds of the judgment will be protected as exempt property until sufficient time has elapsed to afford the debtor a reasonable opportunity to again purchase the exempt property.

The County Court has jurisdiction to order a receiver appointed by it, in proceedings supplementary to execution, to release to the debtor a judgment recovered by him for an unlawful seizure and sale of exempt property.

(Argued September 20th, 1871; decided January term, 1872.)

APPEAL from an order of the General Term of the Supreme Court in the seventh judicial district, affirming an order of the County Court of Ontario county, directing a receiver of the property of the defendant, Wolcott, appointed in this action under proceedings supplementary to an execution, to release, in favor of said defendant, a judgment recovered by him against Merrick Munger amounting to $79.77 for damages sustained by said Wolcott by reason of the seizure and sale by Munger, on execution, of a horse belonging to Wolcott, which was, by law, exempt from seizure and sale on execution.

The order was made by the County Court on an affidavit setting forth the recovery of a judgment in a Justices' Court by *Wolcott* v. *Munger* for the amount and for the cause above mentioned. That Wolcott was a householder, having a family for which he provided; and that the animal, which was one of a team, was necessary in his business as a farmer. That immediately after the rendition of said judgment the said plaintiff, Tillotson, obtained an order on proceedings supplementary to execution, granted by the said county judge, whereon the said Wolcott was examined and disclosed the recovery of the said judgment in his favor against Munger.

That a receiver of the goods, etc., of Wolcott, had been appointed by the said county judge, and the said receiver had collected the judgment recovered by Wolcott for the cause aforesaid. That a full statement of the cause for which the said judgment had been rendered had been made to the receiver on behalf of Wolcott, and the money had been demanded of him, but he had refused to restore it. The deposition of Wolcott, made on his examination in the supplementary proceedings, was also appended to the moving papers, from which the recovery of the judgment against Munger for the cause aforesaid fully appeared, and also the claim of exemption.

*H. O. Chesebro*, for the appellant.

*Edwin Hicks*, for the respondent.

The County Court had jurisdiction to make the order. (*In the Matter of Van Allen*, 37 Barb., 225; *Dickinson* v. *Van Tyne*, 1 Sand., 724; *Riggs* v. *Whitney*, 15 Abt., 388; *Getty* v. *Campbell*, 2 Rob., 664.) The judgment was exempt property. (*Andrews* v. *Rowan*, 28 How., 106.)

LEONARD, C. There was no dispute as to the validity of the claim of Wolcott, that his horse was exempt from levy and sale under execution, according to the provisions of the Revised Statutes, directing the exemption of household furniture, working tools and team owned by a person who being a householder, or having a family for which he provides, to the value of $250, and food for the team not exceeding ninety days; provided that the exemption shall not operate against a demand for the purchase-money of such articles.

The judgment of Wolcott against Munger, which Tillotson sought to reach by proceedings supplementary to execution, was recovered for the value of a horse so exempt. The plaintiff, Tillotson, claims to have the said judgment against Munger or its proceeds applied to the satisfaction of his judgment

and execution in this case, on the ground that the character of the property has been changed, by the recovery of damages for the illegal taking of the horse against the claim of Wolcott for its exemption, although such change had been made against the will of Wolcott, and in defiance of its exemption under the statute. His claim, is in effect, that although the horse was exempt, the judgment recovered for its value, after a wrongful taking by a third person, is not included or embraced in the statutory exemption. We have not been referred to any precedent or decision as a direct or controlling authority upon this question. It is the policy of the statute that a householder, or person providing for his family, may hold property of a certain description useful to him in acquiring a support for his family to the value of $250, as exempt from the claims of creditors. Public policy requires such a construction of the statute as will insure its full benefit to the debtor. It would be useless to grant the privilege contained in the statute, if it could be rendered of no effect by refusing an adequate remedy for the invasion of the exemption ; or by permitting a recovery, when obtained for such invasion, to be wrested from the debtor by proceedings on behalf of his creditors. The judgment, when recovered by the debtor for the wrongful invasion of his privilege of the exemption of his property from levy and sale, represents the property for the value of which it was recovered. He can make another investment of the money to be recovered in the same description of property, in the possession of which, as a householder or person providing for the support of his family, the statute will again protect him. An unreasonable or unnecessary delay in reinvesting the money in exempt property would justly affect the question. The proceeds of the judgment should be held to be protected under the statute, as exempt property, until sufficient time has elapsed to afford the debtor a reasonable opportunity to again purchase the description of property necessary to enable him to support his family, and in the possession of which the law will protect him as against the claims of creditors. The

observations of Justice GROVER, in the case of *Andrews* v. *Rowan* (28 How., 126), are exceeding forcible, and justly commend themselves to our acceptance.

It is also said by counsel for the appellant, that the County Court had no jurisdiction to make the order. This objection is not well founded. The property of a judgment debtor, exempt from execution, cannot be applied to the satisfaction of the demand of a judgment creditor by an order of the judge before whom proceedings supplementary to an execution are pending. (Code, § 297.)

The receiver is subject to the direction and control of the court in which the judgment was obtained upon which the proceedings are founded, or if the judgment is upon a transcript from a Justices' Court, filed in the county clerk's office, then he is subject to the direction and control of the County Court. (Code, § 298.)

These provisions point out the duty of the County Court or judge in a proper case. The direction and control so conferred on the County Court must be enforced according to the powers and duties of courts of equity applicable to receivers in other cases. The court will not permit its receivers, who are officers of the court, to exercise their power illegally or oppressively.

The order appealed from should be affirmed with costs.

EARL, C. The proceeding supplementary to execution is of an equitable character. It takes the place of the creditor's bill as formerly used in Chancery, and is conducted upon equitable principles. The judge before whom it is pending should not permit it to be used for the purpose of oppression, or to subvert the policy or defeat the spirit of the law. Hence I am quite clear that the judge did not err in ordering the receiver to relinquish the judgment recovered by the respondent for his exempt property. Suppose the plaintiff had commenced a suit in equity, in the nature of a creditor's bill, to reach this judgment, and a judge sitting in the equity court had decided that the plaintiff could not reach or have

the proceeds of the judgment, for the reason that it was recovered for exempt property, and that the exemption of the statute should follow, and upon equitable principles attach to it, would any court of review feel called upon to reverse his decision? On the contrary, a decision appropriating the judgment to the pursuing creditor could not be upheld. Equity would not tolerate such manifest injustice and oppression, or that the spirit and policy of the law should be thus subverted.

The order should therefore be affirmed, with costs.

LOTT, Ch. C. I concur in the affirmance of the order appealed from in this case, on the ground that the order of the county judge affirmed thereby was properly made, in the exercise of his control over the receiver, upon the peculiar facts disclosed on the motion before him.

I, however, do not assent to the doctrine that a judgment recovered against a party or an officer for an unlawful levy on and sale of property exempt by law from levy and sale under execution cannot in any case be reached by a creditor who was not a party or privy thereto, or interested therein, and who in good faith seeks to apply it to his own debt. Such a judgment is not only for the *value* of the exempt property, but includes also the *cost* of the action, which, in many cases, might and probably would exceed such value. Cases may also arise where the exempt property had been replaced by the judgment debtor, on a purchase with money beyond the reach of an execution, by other property of the same character, and for which he had received the benefit of the exemption allowed by law, as against the execution of such other creditor. In that case it would not be proper to give him an additional exemption also for the judgment recovered for the wrongful levy. A court of equity can, by the control it has over a receiver appointed by it, always do justice to a party really and in fact aggrieved by a proceeding instituted to reach the value of the exempt property included in such judgment,

where the particular and peculiar facts to warrant it are specially presented.

The present case appears to be of that character.

All concur for affirmance.

Judgment affirmed.