JAMES M. PRATT, executor, plaintiff in error, *vs.* MICHAEL J. ATKINS, defendant in error.

54b 569
113 588

Debts due prior to the constitution of 1868, are in the nature of an incumbrance upon the homestead, like purchase money or money expended for improvements thereon, and when the homestead is sold and the money brought into court by virtue of such old debts, the old debts, though the judgments thereon be younger than judgments or liens on debts since the constitution of 1868, will take the money from the homestead in preference to such older judgments founded on debts since said constitution.

Homestead. Judgments. Lien. Before Judge KIDDOO. Randolph Superior Court. May Term, 1875.

Reported in the opinion.

H. & I. L. FIELDER, for plaintiff in error.

A. HOOD, for defendants.

JACKSON, Judge. .

James M. Pratt, executor of L. Pratt, deceased, held a a mortgage execution on T. G. Pratt. The debt on which it was founded was younger than the constitution of 1868, and when the *fi. fa.* was levied upon a homestead set apart to T. G. Pratt, but sold to Atkins, who claimed it, it was found not subject. Afterwards the same land was levied upon by virtue of judgments on which executions had issued, founded on debts older than the constitution of 1868; and Atkins, the claimant in the former case, suffered it sold, and bought it, having also bought the judgments founded on the old debts. The fund was brought into court for distribution, and Atkins claimed it under the old debt judgments, and J. M. Pratt, executor, claimed the fund on his lien, a mortgage *fi. fa.*, older than the judgment controlled by Atkins, but founded on a debt since 1868. The court awarded the money to Atkins, and we think the court was right. Pratt had tried to subject the land and had failed. The contest was then between him and Atkins. Is he not concluded by it? 40th, *Georgia Reports*, 495.

But what right has Pratt to this fund? The court could not enforce his judgment against the land : Code, section 2002 ; Constitution, Code, section 5135. The fund is in the place of the land, and it would be strange if, because it is now money, its character was so changed that the court could enforce it against the money. After payment of the old debts, the balance, if any, would go to the family, and Atkins stands here in the place of the family, having purchased the homestead.

As he controls the judgments on the old debts, he is entitled, as creditor, to enough of the fund to pay them, and as he owns the homestead, he is entitled to the balance in that right. These old debts are merely an incumbrance on the homestead, like purchase money or money expended in improvements, and are entitled to be paid out of its proceeds, but when they are paid, the balance is homestead still and young debts, since 1868, cannot interfere with it.

Judgment affirmed.