## WELLS et al. v. McARTHUR.

No. 10994—Opinion Filed March 9, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Assignment of Error—Sufficiency.**

An assignment of error so indefinite and general as not to point out the errors complained of will not be considered.

2. **Appeal and Error—Presentation of Error in Lower Court—Motion for New Trial—Exceptions—Assignments of Error.**

Errors occurring during the trial cannot be considered by the Supreme Court unless a motion for new trial founded upon and including such errors has been made by the complaining party and acted upon by the trial court and its ruling excepted to and afterwards assigned for error in the Supreme Court.

3. **Appeal and Error—Record—Motions and Rulings.**

A motion to vacate a default judgment and a motion for new trial and the action of the court in overruling the same, being no part of the record proper, without case-made or bill of exceptions, cannot be presented to this court by transcript.

4. **Army and Navy—Soldiers' and Sailors' Civil Relief Act—Construction—Actions—Affidavit—Necessity.**

An affidavit that the defendants were not in the military service, under section 200, article 2, act of Congress of March 8, 1918, was not required where answer was filed by the defendants and no charge is made that defendants were in the military service; and a judgment rendered against defendants will not be set aside on account of failure to file such affidavit, in the absence of a showing that they were in the military service at the time the suit was filed or the judgment rendered.

5. **Appeal and Error—Record—Transcript—Authentication.**

Where the proceedings in error are by transcript of the record, such transcript must be authenticated by the Clerk of the trial court within the time fixed by statute for filing petition in error.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Joe R. McArthur against R. W. Wells and J. S. Mullen for possession of a certain tract of land in Stephens county and for rents and profits therefrom. Judgment for plaintiff, defendants bring error. Dismissed.

Womack & Brown and Sam H. Butler, for plaintiffs in error.

Bond & Kolb, for defendant in error.

KANE, J. This is an appeal by transcript, The errors assigned are:

"First. Because the court erred in rendering judgment against these plaintiffs in error.

"Second. The court erred in rendering judgment by default when there was no affidavit on file—that defendants were not in the service of the United States, according to the act of Congress of the 8th day of March, 1919.

"Third. Because the plaintiffs in error had a valid defense, and if they had been permitted to appear and defend their cause of action, no judgment would have been rendered for the plaintiffs."

Motion has been filed to dismiss, and no response has been made.

The first assignment of error is too indefinite and general to merit consideration. Jones v. Lee, 43 Okla. 257, 142 Pac. 996.

The second and third assignments of error could only be considered through motions to vacate judgment and for new trial. Errors occurring during the trial cannot be considered by the Supreme Court unless a motion for new trial founded upon and including such errors has been made by the complaining party and acted upon by the trial court and its ruling excepted to and afterwards assigned for error in the Supreme Court. Avery et al. v. Hayes, 44 Okla. 71, 144 Pac. 624; Stinchcomb et al. v. Myers, 28 Okla. 597, 115 Pac. 602.

The motion to vacate judgment and for new trial and the action of the trial court in overruling the motion, being no part of the record without case-made or bill of exceptions, cannot be presented to this court by transcript. Putnam v. Western Bank Supply Co., 38 Okla. 152; Cable v. Myers, 43 Okla. 302, 142 Pac. 1114; Myers et al. v. Hunt et al., 45 Okla. 140, 145 Pac. 328; Williams v. Kelly, 71 Oklahoma, 176 Pac. 204.

An affidavit that the defendants were not in the military service, under section 200, art. 2, act of Congress of March 8, 1918, was not required where answer was filed by the defendants and no showing is made that defendants were in the military service; and judgment rendered against defendants will not be set aside on account of failure to file such affidavit, in the absence of a showing that they were in the military service at the time the suit was filed or the judgment rendered. Bulgin v. American Law Book Co., 77 Okla. 112; Howie Mining Co. v. M. C. Gary, 256 Fed. 38.

An examination of the record further discloses that same is fatally defective in that it does not contain the certificate of the clerk of the trial court. Where the proceedings in error are by transcript of the record, such transcript must be authenticated by the clerk of the trial court within the time fixed by statute for filing the petition in error. Buell v. American Indemnity Co., 72 Oklahoma, 178 Pac. 884.

For the reasons stated, the appeal is dismissed.

OWEN, C. J., RAINEY, V. C. J., and JOHNSON, PITCHFORD, HIGGINS, and BAILEY, JJ., concur.