## LAWYER-CUFF CO. v. BLAND et al.

No. 11689—Opinion Filed Nov. 9, 1920.

(Syllabus by the Court.)

**Appeal and Error—Review—Assignments of Error.**

Where the plaintiff in error has not assigned as error the overruling by the trial court of a motion for a new trial, this court will not consider errors alleged to have occurred during the trial or the sufficiency of the evidence to support the verdict of the jury or the decision of the court.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Lena L. Bland and another against the Lawyer-Cuff Company. Judgment for plaintiffs, and defendant brings error. Appeal dismissed.

Charles H. Garrett, for defendants in error.

COLLIER, J. An action was brought in the district court by the defendants in error against the plaintiff in error to have real estate described in the petition adjudged and declared their homestead, and as such free, clear, and discharged from any alleged or apparent lien claimed against same by reason of a judgment against one of the defendants in error, W. F. Bland, rendered in the district court of Oklahoma county, on or about the 28th day of September, 1915, and to remove the cloud of said judgment as an apparent lien on their said homestead. The facts necessary to entitle them to the relief prayed, if proved, were pleaded and set forth in the petition of the said defendants in error, to which the plaintiff in error filed a general denial. The evidence disclosed the defendants in error had temporarily moved away from their said homestead, leaving most of their furniture in the house, and had rented the house for a year, intending to retain the same as their homestead, and to return to and live in the house as soon as the business which took them away was completed; that after renting said house for two years they again took possession and occupied same as their homestead. At the time the judgment in question was rendered the title to the homestead was in the defendant in error, W. F. Bland, but in October, 1908, he conveyed it by warranty deed to defendant in error Lena L. Bland, his wife.

The trial court found in favor of defendants in error and granted them the relief prayed, and from the judgment therein rendered the plaintiff in error perfected this appeal, but did not in its petition in error filed in this court assign as error the overruling by the trial court of its motion for a new trial.

Under the practice in this jurisdiction, where the overruling of a motion for a new trial is not assigned as error in the petition in error filed in the case, this court will not consider errors alleged to have occurred during the trial or review the sufficiency of the evidence to support the verdict of the jury or the decision of the court.

"Where the plaintiff in error fails to assign as error the overruling of a motion for a new trial, this court will not review the sufficiency of the evidence to support the verdict." Riter-Conley Mfg. Co. v. Wryn, 70 Oklahoma, 174 Pac. 280; Faunce & Spinney v. Sam Daube & Co. et al., 70 Oklahoma, 173 Pac. 70.

In Stinchcomb et al. v. Myers, 28 Okla. 597, 115 Pac. 602, Justice Kane, speaking for this court, says:

"It has long been the settled rule of practice in this court that errors occurring during the trial cannot be considered by the Supreme Court, unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court. Beall v. Mutual Life Ins. Co. of N. Y., 7 Okla. 285, 54 Pac. 474; Glaser et al. v. Glaser et al.,

13 Okla. 389, 74 Pac. 944; Bradford v. Brennan et al., 15 Okla. 47, 78 Pac. 387."

For the reason that the plaintiff in error did not assign in his petition in error the overruling of its motion for a new trial, the motion of defendants in error to dismiss this appeal must be sustained.

Appeal dismissed.

All the Justices concur, except RAINEY, C. J., present but not participating, and KANE, J., absent.