## JOHNSON et al. v. HENSHAW.

No. 9890—Opinion Filed Dec. 14, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Review—Motion for New Trial—Time for Filing.**
Section 5035, Rev. Laws 1910, requiring a motion for a new trial to be filed within three days after verdict, is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring at the trial.

2. **Guardian and Ward—Accounting After Death of Guardian—Right of Action.**
Where a guardian dies without an accounting and without settlement of his affairs as guardian having been made in the county court, his former ward may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian, for such an accounting and settlement.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by Willie Henshaw, nee McIntosh, a minor, by Pleas Henshaw, guardian, against A. O. Johnson and F. W. Webb, Jr., to recover on guardian's bond. Judgment for plaintiff, and defendants bring error. Affirmed.

Claude A. Niles, for plaintiffs in error.

J. B. Lucas and Britton H. Tabor, for defendant in error.

BAILEY, J. This action was begun in the district court of McIntosh county by defendant in error to recover of the plaintiffs in error the sum of $3,100.50, as the bondsmen of Felen B. McIntosh, deceased; it being alleged that the said guardian had misappropriated said sum, the proceeds of certain lands sold by said guardian and belonging to Willie Henshaw, nee McIntosh, defendant in error. The petition further alleges that, after dissipating and misappropriating said fund, said guardian died without making any report or accounting to the county court. Plaintiffs in error filed their answer, admitting the execution of said bond, but denying that said guardian had misappropriated any moneys or funds, and denying the jurisdiction of the district court to try the cause or render judgment against the defendants therefor.

Stipulation was filed, waiving the right to trial by jury, and agreeing that the cause be heard by the court. The cause was tried to the court on the 13th day of March, 1917, and at the conclusion of the hearing of evidence the court announced that it would reserve decision and take the matter under advisement. Thereafter, on the 31st day of July, 1917, the court announced that judgment would be entered for plaintiff, defendant in error here, in the sum of $650, and judgment was entered accordingly. The record further discloses judgment in due and regular form rendered on the 19th day of October in favor of plaintiff, defendant in error here, in the sum

of $850. On the 23rd day of October, 1917, plaintiffs in error filed a motion for a new trial, which motion was in due time heard and overruled and the cause appealed to this court.

It will be noted that the final judgment was rendered in this cause on the 19th day of October, and that the motion for a new trial was filed on the 23rd day of October, 1917.

It is first contended that the trial court erred in setting aside the judgment rendered on July 31, 1917. In many cases from this court the rule as announced in Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733, has been quoted and approved. There it was said:

"On March 20, 1908, or four days later, defendant filed motion for a new trial, which was overruled. Defendant brings the case here, and assigns for error that the court erred in overruling his motion for a new trial. But we cannot consider it, for the reason that the motion was filed out of time. Snyder's Comp. Laws Okla., sec. 5827, requiring that the motion be filed within three days after the verdict, is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified by the statute, this court cannot consider it or review the error occurring upon the trial."

The failure to file said motion for a new trial within the time required by statute brings the record of this case to this court only by transcript, but, as was said by this court in Wells v. McArthur, 77 Okla. 279, 188 Pac. 322:

"The motion to vacate judgment and for new trial, and the action of the trial court in overruling the motion, being no part of the record, without case-made or bill of exceptions, cannot be presented to this court by transcript." Putman v. Western Bank Supply Co., 38 Okla. 152, 132 Pac. 483; Cable v. Myers, 43 Okla. 202, 142 Pac. 1114; Myers et al. v. Hunt et al., 45 Okla. 140, 145 Pac. 328; Williams v. Kelly, 71 Oklahoma, 176 Pac. 204.

It affirmatively appears that motion for a new trial was not filed within the time required by statute. In the absence of any excuse as to why such motion was not so filed, errors assigned on account of the overruling of the same by the trial court will not be considered by this court.

This conclusion answers every contention of plaintiffs in error except the second, where it is contended that the district court had no jurisdiction to render judgment in the cause. But in Donnell v. Dansby, 58 Okla. 165, 159 Pac. 317, after reviewing various authorities, this court held:

"Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, his former wards may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian for such accounting and settlement." Morey v. Christian, 69 Oklahoma, 169 Pac. 887; Title Guaranty & Surety Co. v. Burton, 67 Oklahoma, 170 Pac. 1170.

For the reasons assigned, the judgment of the trial court is affirmed.

All the Justices concur, except HIGGINS, J., disqualified and not participating.