## DAVIS v. McGILBRAY et ux.

No. 9715—Opinion Filed Feb. 23, 1921.

Rehearing Denied March 22, 1921.

(Syllabus.)

1. **Appeal and Error—Review—Assignments of Error—Overruling Motion for New Trial.**

Failure to assign as error the action of the trial court in overruling the motion of the applicant for a new trial presents no question to this court for review where the errors complained of were matters occurring during the trial of the cause.

2. **Homestead—Exemption—Liens — Necessity for Writing Signed by Husband and Wife.**

Section 1143, Rev. Laws 1910, provides: "No deed, mortgage or contract relating to

the homestead exempt by law, except for a period not exceeding one year shall be valid unless in writing and subscribed by both husband and wife." Held, any charge against the homestead not in writing subscribed by both the husband and wife is invalid.

**3. Same—Judgment for Value of Homestead Wrongfully Sold—Deduction for Debts.**

In an action by plaintiffs, husband and wife, against the defendant to recover the value of a homestead wrongfully sold, wherein the trial court renders judgment in favor of the plaintiffs for the value of the homestead less the mortgage debt, and in addition thereto deducts from such judgment the amount of debts not secured by liens on the homestead, held, that the trial court erred in deducting from such judgment the amount of any debt, or debts, not secured by instrument, or instruments, in writing covering said land and signed by both the husband and wife.

Error from District Court, Muskogee County; R. P. de Graffenried, Judge.

Action for damages by Daniel McGilbray et ux. against George W. Davis for value of homestead wrongfully sold prior to the expiration of time for redemption. Judgment for plaintiffs and defendant prosecutes this appeal; plaintiffs filing cross-appeal. Modified and judgment rendered for defendants in error in the sum of $1,258.04.

G. W. P. Brown and Emmett Stewart, for plaintiff in error.

William Neff and L. E. Neff, for defendants in error.

KENNAMER, J. This cause was originally filed in the district court of Muskogee county by Daniel McGilbray and Jennie McGilbray, plaintiffs, against George W. Davis, defendant, to recover the sum of $2,325, the value of 40 acres of land described in the petition of the plaintiffs. The material allegations of the petition alleged that, about the 23rd day of January, 1913, Daniel McGilbray and Jennie McGilbray executed to George W. Davis a warranty deed conveying the 40 acres of land described in the plaintiffs' petition upon agreement of the said George W. Davis, grantee in the said deed, that he would reconvey said lands to the plaintiffs upon the payment of the amount of $309, if payment was made in one year from the date and delivery of the deed; and alleged that the defendant, George W. Davis, delivered to the plaintiffs a written instrument executed by him to the effect that the lands described in said deed would be reconveyed to the plaintiffs upon the payment of a mortgage

which the plaintiffs had executed to the defendant prior to the date of the execution of the deed to secure the payment of the indebtedness of $309. That in May, 1913, the defendant conveyed the land to George Fetterman, who received title to the lands without notice of plaintiffs' right to redeem. The plaintiffs allege that the lands, at all times mentioned in the petition, were occupied and used by them as their homestead, and that they were dispossessed of the lands by George Fetterman as grantee of George W. Davis; that George W. Davis had wrongfully conveyed the lands to Fetterman in violation of his contract with the plaintiffs granting them the right of redemption; that by reason of the wrongful act of the defendant, George W. Davis, in conveying the lands to Fetterman, the plaintiffs were entitled to recover from the defendant the value of the lands.

To the answer of the petition filed by the plaintiffs, the defendant, George W. Davis, answered, denying each and every allegation therein contained, and for a further defense to the petition of the plaintiffs the defendant alleged that he was prevented from performing the contract alleged to have been violated by the plaintiffs voluntarily coming to him and directing and authorizing him to sell the land in controversy to reimburse him for moneys expended by him on their account, and to pay notes and mortgages given by the plaintiffs on said land. That under direction of the plaintiffs he sold the lands and accounted to the plaintiffs for the entire proceeds of the sale.

Under the issue joined the cause was tried before Hon. R. P. de Graffenried, district judge, and judgment rendered on the 17th day of September, 1917, in the sum of $565.40, with interest, in favor of the plaintiffs and against the defendant. To reverse this judgment the defendant, George W. Davis, prosecutes this appeal, and the plaintiffs, Daniel McGilbray and Jennie McGilbray, defendants in error herein, have filed a cross-petition in error. The plaintiff in error, George W. Davis, will hereafter be referred to as defendant; the defendants in error, Daniel McGilbray and Jennie McGilbray, will hereafter be designated as plaintiffs. The defendant filed a motion for a new trial, which was overruled by the trial court, but the defendant in his petition in error filed herein has not assigned the overruling of the motion for a new trial as error, and this court will not consider errors occurring during the trial unless the ruling of the trial court on the motion for a new trial is assigned as error. This rule

of law has been adhered to by this court in a number of cases: Avery v. Hayes, 44 Okla. 71, 144 Pac. 624; O'Neil v. James, 40 Okla. 661, 140 Pac. 141; Butler v. Oklahoma State Bank, 36 Okla. 611, 129 Pac. 750; Vandenburg v. Winne, 55 Okla. 679, 155 Pac. 245.

The defendant complains in his first two assignments of error that the trial court erred in permitting the filing of an amended petition wherein Jennie McGilbray was made a party plaintiff with her husband, Daniel McGilbray. There is no merit in the contention made by attorneys upon this proposition. The plaintiff Jennie McGilbray being the wife of the plaintiff Daniel McGilbray, and the action being one for the recovery of damages for the wrongful sale of the homestead of the plaintiffs, both husband and wife, under the laws of Oklahoma, have an interest in the homestead and are necessary parties in an action wherein the homestead is in controversy. King v. Wilson (Kan.) 148 Pac. 752; Hofman v. Demple (Kan) 37 Pac. 976; Cameron v. Fay, 55 Tex. 58; Pickerell v. Jerauld (Ind.) 27 N. E. 433.

The defendant having failed to assign as error the overruling of his motion for a new trial, and having failed to appeal within the time prescribed by law from the judgment of the court overruling his demurrer to the petition of the plaintiffs, it necessarily follows that he has failed to present any question to this court for review.

The plaintiffs filed a cross-petition in error and have assigned 12 grounds of error, but all of the assignments of error presented by the plaintiffs raise but one question, to wit, Did the trial court err in deducting from the value of the lands in controversy certain judgments and other items which the trial court found were not liens against the homestead lands involved in this action? Upon an examination of the record and the findings of fact of the trial court it is apparent that the trial court erred in deducting from the $1,600, which he found to be the value of the homestead lands, any items except the $309 that was a lien upon the lands. The court erred in deducting other items by reason of any oral authority having been given to the defendant by the plaintiffs to pay debts or judgments not a lien upon the lands. Article 12, sec. 2, of the Constitution of the state of Oklahoma provides:

"The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon or for work and material used in constructing improvements thereon, nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

Section 1143, Rev. Laws 1910, provides:

"* * * And no deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife. * * *"

The trial court, in his eighth finding of fact, said: "I find that out of the proceeds of the sale of said land George W. Davis paid out the following sums with the consent and express authority, orally given, of Daniel McGilbray, to wit, * * *" and a list of debts are set out, and the debts paid were not claimed to be liens upon the homestead, not even a debt of the plaintiff Jennie McGilbray. This was a plain violation of the constitutional and statutory rights of the plaintiffs, and it was never contemplated by the lawmakers of this state that parties with vested homestead rights could be deprived of the same under any such course of procedure.

The $1,600, found to be the value of the homestead in the case at bar, stood in the place of the land and was entitled to the same protection of the law that the land was entitled to, and if the 40 acres of land that these plaintiffs have lived upon for a number of years was exempt, then the fund or judgment for $1,600 recovered for the wrongful sale which deprived the plaintiffs of the right of redemption was also exempt, and no lien, debt, or contract could be enforced against the proceeds of the sale other than what could have been enforced against the land. Pratt v. Atkins, 54 Ga. 569; Kelly v. Duffy, 31 Ohio St. 437; Tillotson v. Wallcott, 48 N. Y. 188; Below v. Bobbins, 76 Wis. 600, 45 N. W. 416; Brooks v. Collins, 74 Ky. 622; Stebbins v. Peeler, 29 Vt. 289; Houghton v. Lee, 50 Cal. 101; Butner v. Bowser (Ind.) 3 N. E. 889.

In the case at bar the only instruments signed by the plaintiff Jennie McGilbray, who was the wife of the plaintiff Daniel McGilbray, were a mortgage and deed which were executed as security for $309. That is the only proper charge against the proceeds of the homestead which the defendant had wrongfully sold before the expiration of the time of redemption, and the mere fact that the written instrument which the

defendant delivered to the plaintiffs by the terms of which the defendant agreed to reconvey the lands upon the payment of a certain mortgage was made to Daniel McGilbray does not affect the homestead rights of the plaintiffs herein. The trial court found that the land in controversy was the homestead of the plaintiffs; then the only valid charge that could be made against the land in controversy was liens created by the written consent of both plaintiffs. Upon an examination of the whole record we find that the plaintiffs are entitled to judgment against the defendant for the sum of $1,600 less $341.96, being the debt of $309 with interest, leaving a balance due the plaintiffs of $1,258.04, which should bear interest at the rate of 6 per cent. per annum from date of judgment herein.

It is therefore ordered by the court that the judgment rendered herein is hereby modified and the plaintiffs granted judgment for $1,258.04, with interest at the rate of 6 per cent. per annum from May 24, 1913, until, paid, against the defendant, George W. Davis, and Monday Durant and George Smith, sureties upon the supersedeas bond filed in this cause.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.