## SOUTHERN SURETY CO. v. HATCH et al.

No. 13212—Opinion Filed Jan. 2, 1923.

Rehearing Denied March 27, 1923.

(Syllabus.)

**1. New Trial—Time for Application.**

"The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." Section 5035, Revised Laws of Oklahoma, 1910.

**2. Appeal and Error—Jurisdiction—Motion for New Trial Out of Time—Dismissal.**

Where judgment is rendered on the verdict of the jury on October 21, 1921, and no motion for a new trial is filed until November 3, 1921. and such motion for a new trial is not based upon newly discovered evidence, and no showing is made that the party was unavoidably prevented from filing the motion within the statutory period of time, and said motion for a new trial is thereafter overruled by the trial court and an appeal is taken therefrom by case-made, this court does not acquire jurisdiction to hear and determine said appeal, and a motion to dismiss the appeal should be sustained.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Annie Campbell Hatch to recover a money judgment against the Southern Surety Company, a corporation, et al. Verdict and judgment for plaintiff, and defendant Southern Surety Company appeals. Appeal dismissed.

C. G. Moore and A. F. Pyeatt, for plaintiff in error.

Marion Henderson, J. T. Blanton, and H. M. Carr, for defendants in error.

MILLER, J. This appeal is presented on a motion to dismiss the appeal filed by defendants in error on the ground that a motion for a new trial was not filed until 13 days after the judgment was rendered.

Annie Campbell Hatch, as plaintiff, commenced an action in the district court of Garvin county against the Southern Surety Company, a corporation, D. D. Stephens, and James P. Morgan, as defendants, to recover a money judgment. The case was tried to a jury, which returned a verdict on October 21, 1921, in favor of the plaintiff in the court below and against the defendant Southern Surety Company, a corporation. On the same date, October 21, 1921, the court rendered judgment on the verdict.

Thereafter, and on November 3, 1921, the Southern Surety Company, a corporation, filed its motion for a new trial. This motion was overruled by the court, to which defendant Southern Surety Company excepted, and then appealed to this court to reverse the judgment of the trial court rendered on October 21, 1921.

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verict or decision was rendered, unless unavoidably prevented." Section 5035, Revised Laws of Oklahoma, 1910.

The record in this case is not certified as a transcript. The motion for a new trial was not based upon newly discovered evidence or any ground that would excuse the filing of the motion within the three-day limitation fixed by the statutes. The clause in the foregoing quoted section of the statute, "or impossibility of making a case-made," is not available after the three-day period has expired, where no motion for a new trial was filed within the three-day period.

Under the above-quoted statute and the following decisions of this court, it does not

acquire jurisdiction to hear and determine this appeal. Fieds v. Fields, 55 Okla. 652, 155 Pac. 245; Davis v. McGilbray, 81 Okla. 42, 196 Pac. 339; Wells v. McArthur, 77 Okla. 279, 188 Pac. 322.

The motion to dismiss the appeal is sustained, and the appeal is hereby dismissed.

HARRISON, C. J., and JOHNSON, KENNAMER, and COCHRAN, JJ., concur.