(November 3, 1924.)

E. F. WALTON, Respondent, v. D. F. CLARK, Appellant.

[231 Pac. 713.]

APPEAL AND ERROR—FAILURE TO FILE TRANSCRIPT—EFFECT—EXTENSION OF TIME TO FILE BRIEFS—EFFECT—DISMISSAL OF APPEAL—MOTION FOR NEW TRIAL—PENDENCY OF—EFFECT—ORDER DENYING MOTION FOR NEW TRIAL—GROUNDS—DECISION AGAINST LAW—INSUFFICIENCY OF EVIDENCE.

1. An appeal from a judgment will be dismissed where no effort is made to secure a transcript to be used on appeal during the time within which such transcript must be received and lodged in this court.

2. One does not waive his right to move to dismiss an appeal on the ground that the transcript to be used on appeal is not filed in this court within the time provided by the rules by stipulating extensions of time within which to file briefs, when a motion to dismiss the appeal is pending when such stipulations are made.

3.  The pendency of a motion for new trial does not extend the time within which a transcript on appeal from the judgment must be filed in the supreme court.

4.  The sufficiency of the evidence to sustain a decision will not be inquired into, on an appeal from an order denying a motion for new trial, where the notice of motion thereof does not specify the particulars in which the evidence is claimed to be insufficient, and the record does not show that a notice containing such specification was filed and served within twenty days after filing notice of motion for new trial or an extension thereof.

5.  The sufficiency of the complaint to state a cause of action will not be reviewed on appeal from an order denying a motion for a new trial.

6.  On an appeal from an order denying a motion for a new trial on the ground that the decision is against law, this court will not determine whether the conclusions of law follow from the findings of fact, nor whether the judgment is sustained by the findings of fact and the conclusions of law.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action for removal of officer for neglect of official duties and for recovery of penalty. Judgment for plaintiff. Motion to dismiss appeal from judgment *granted.* Order denying motion for new trial *affirmed.*

Walters & Parry, for Appellant.

Failure to file and serve the transcript within the time fixed by the rule of this court is not fatal to the jurisdiction.  (*Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *Lucas v. City of Nampa,* 37 Ida. 763, 219 Pac. 596; *California Gulch Placer Min. Co. v. Patrick,* 37 Ida. 661, 218 Pac. 378.)

"A failure to file a transcript of record on appeal in this court within the time provided by the rules of this court is waived by subsequently entering into a stipulation with respect to filing briefs." (*Lucas* v. *City of Nampa, supra.*)

Respondent waived right to insist upon dismissal of the appeal from the judgment by failing to object to settlement

of reporter's transcript after ninety-day period. (*Littler v. Jefferis,* 35 Ida. 27, 202 Pac. 602.)

In each and every of the assignments the appellants have in their brief pointed out specifically the particular respects in which the trial court is alleged to have erred, and have brought themselves completely within the rule laid down by this court in *Morton Realty Co. v. Big Bend Irr. & Min. Co.,* 37 Ida. 311, 218 Pac. 433.

This court can review the action of the trial court in denying the motion for a new trial upon the briefs filed by appellants herein. (*Smith v. Wallace Nat. Bank,* 27 Ida. 441, 150 Pac. 21.)

The questions of the sufficiency of the complaint, of whether or not the conclusions of law follow from the findings and of whether the findings and conclusions of law support the judgment, are all similar questions of law which appear on the face of the judgment-roll, and can also be considered under an assignment that the decision is against law, and on an appeal from an order denying a new trial. (*Hill v. Porter,* 38 Ida. 574, 223 Pac. 538; *Brown v. Macey,* 13 Ida. 451, 90 Pac. 339; *Turner Agency v. Pemberton,* 38 Ida. 235, 221 Pac. 133.)

On an appeal from an order denying a new trial the appellate court can and must consider and review all of the grounds of error which the trial court should consider on the motion. (*Hodges v. Alexander,* 44 Okl. 598, 145 Pac. 809; *Rowsey v. Jameson,* 46 Okl. 780, 149 Pac. 880; *Butler, Stevens & Co. v. Hall,* 7 Ga. App. 777, 68 S. E. 331; *Trenerry v. South Omaha,* 86 Neb. 7, 124 N. W. 920; *Peterson v. Struby,* 25 Ind. App. 19, 56 N. E. 733, 57 N. E. 599.)

Homer C. Mills, for Respondent.

Appeal will be dismissed for failure to file transcript on appeal within the time required by the rules in the absence of sufficient showing of diligence. (*Parkinson v. Winzler,* 36 Ida. 449, 210 Pac. 738; *Gemmell v. Collins,* 36 Ida. 416, 210 Pac. 738; *Harris v. Acuff,* 36 Ida. 336, 210

Pac. 643; *H. B. Lake & Co. v. Bales,* 36 Ida. 142, 210 Pac. 396; *Blumauer-Frank Drug Co. v. First Nat. Bank,* 35 Ida. 436, 206 Pac. 807; *Columbia Trust Co. v. Balding,* 34 Ida. 579, 205 Pac. 264; *Iowa State Savings Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812; *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148; *Hansen v. Boise-Payette Lumber Co.,* 31 Ida. 600, 174 Pac. 703.)

Pendency of motion for new trial does not operate to extend time within which to file transcript on appeal. (*Miller v. Prout,* 32 Ida. 728, 187 Pac. 948; *Modoc Co-operative Assn. v. Porter,* 11 Cal. App. 270, 104 Pac. 710.)

The assignment in motion for new trial of insufficiency of the evidence to sustain the decision cannot be considered, because no particulars are specified. (C. S., sec. 6890; *Curtis v. Walling,* 2 Ida. 416, 18 Pac. 54; *Robson v. Colson,* 9 Ida. 215, 72 Pac. 951; *Brown v. Macey,* 13 Ida. 451, 90 Pac. 339; *Kelley v. Clark,* 21 Ida. 231, 121 Pac. 95; *Times Printing etc. Co. v. Babcock,* 31 Ida. 770, 176 Pac. 776; *Studebaker Bros. Co. of Utah v. Harbert,* 35 Ida. 490, 207 Pac. 587; *De Molera v. Martin,* 120 Cal. 544, 52 Pac. 825; *McLennan v. Wilcox,* 126 Cal. 51, 58 Pac. 305; *National Bank of California v. Mulford,* 17 Cal. App. 551, 120 Pac. 446; *Strange v. Strange,* 23 Cal. App. 281, 137 Pac. 1104.)

Orders for extension of time to file transcript made subsequent to the filing of the motions to dismiss such appeals were made without prejudice to pending motions to dismiss, and without prejudice to the right of the adverse party to move for a dismissal of the appeals, subsequent to the signing and filing of such orders. (*Intermountain Assn. of Credit Men v. Rexburg Farmers' Society of Equity, Ltd.,* 38 Ida. 121, 220 Pac. 114.)

Appellant has failed to assign as error the action of the trial court in denying and overruling motion for new trial. If the appeal from the judgment be dismissed, then there is nothing for this court to do except to affirm the ruling of the trial court on the order. (*Glover v. Brown,* 32 Ida. 426, 184 Pac. 649; *Perrin v. Union Pacific R. Co.,* 59 Utah, 1, 201 Pac. 405.)

All assignments of error in the brief go to the appeal from an order denying a new trial; there is but one error to be considered, namely, that the court erred in denying such motion. (*Lawyer-Cuff Co. v. Bland,* 79 Okl. 307, 193 Pac. 525; *Davis v. McGilbray,* 81 Okl. 42, 196 Pac. 339; *One Tulsa Four Automobile v. State,* 85 Okl. 185, 205 Pac. 132.)

"An assignment of error which in effect merely alleges that the court erred in rendering judgment for one party, and against the other, presents nothing for this court to review." (*Hocker v. Rackley,* 90 Okl. 83, 216 Pac. 151; *Beck v. Baden,* 3 Kan. App. 157, 42 Pac. 845; *Robson v. Colson,* 9 Ida. 215, 72 Pac. 951; *Morton Realty Co. v. Big Bend Irr. & Min. Co.,* 37 Ida. 311, 218 Pac. 433.)

"The limit of appellate inquiry under an assignment of error to the effect that the judgment was contrary to law is this: on the pleadings and findings was the proper judgment entered?" (*DeVitt v. City of El Reno,* 28 Okl. 315, 114 Pac. 253.)

WM. E. LEE, J.—This is an appeal from a judgment and from an order overruling a motion for new trial. E. F. Walton, the respondent, filed an information in the district court of Twin Falls county against D. F. Clark, the appellant, a member of the board of trustees of Independent School District No. 1, of Twin Falls county, charging him with neglect and refusal to perform the duties pertaining to his office, and praying that appellant be removed from his office and that respondent, as informer, be awarded judgment against appellant in the sum of $500. At the same time respondent filed a similar information against both W. W. Parish and G. W. Bice, two other members of the same board of trustees. The three causes were consolidated for trial, a judgment of ouster entered against each of the three trustees, and judgment for $500 was rendered in favor of respondent against each of the three trustees.

Respondent moved to dismiss the appeal from the judgment on the ground and for the reason that the transcript on appeal was not filed in this court within ninety days

after the appeal was perfected, as provided by Rule 26. The judgment was filed on August 30, 1921; the notice of appeal was filed on November 26, 1921; and the undertaking was filed on November 30, 1921. The transcript on appeal was filed in this court on May 11, 1922, more than ninety days after the appeal was perfected. On April 10, 1922, which was more than ninety days after the appeal was perfected, respondent moved to dismiss the appeal from the judgment. The motion was not then passed on, and is now urged. The notice of motion for new trial was filed August 31, 1921, and the motion was denied November 10, 1922.

In resisting the motion to dismiss the appeal from the judgment, appellant filed herein certain affidavits in which it is stated, as a reason for the failure to have the transcript lodged in this court within ninety days after perfecting the appeal, that appellant was relying on an oral understanding between counsel that, since it was then expected that the decision of this court in the case of *Walton v. Channel*, 34 Ida. 532, 204 Pac. 661, would soon be announced, and that such decision might determine the question presented in this cause, a ruling on the motion for new trial would not be pressed by the parties until such decision was announced; that if the decision did not determine the issues in this appeal, appellant would immediately take steps to secure and lodge in this court a transcript upon which the appeal from the judgment and order denying the motion for new trial could be presented; and, relying on such understanding, no steps were taken to have a transcript on appeal prepared, for the reason that it would have put appellant to considerable unnecessary expense in the event the motion for new trial was granted. Respondent's counsel, by affidavit, denies that any understanding was had or agreement made which related to delay in preparing or filing the transcript and avers that he never consented to the postponement of the preparation or filing of the transcript.

The showing made by appellant is not a showing of diligence, but an excuse for a failure to act. No action was taken to cause the transcript to be prepared until after the motion to dismiss was made. The order of the trial judge for the preparation of the reporter's transcript was not made until April 1, 1922, two months after the transcript should have been lodged in this court. The failure to comply with the rules is not chargeable to the clerk or the reporter of the trial court, as has been frequently the case where appeals have been dismissed because of a failure to file the transcript in time. If there is a justification for Rule 26, it would seem to be peculiarly applicable to a case like this, where no steps were taken by appellant to secure a transcript until after the expiration of the time for filing the transcript in this court, and until after the filing of a motion to dismiss the appeal. (*Blumauer-Frank Drug Co. v. First Nat. Bank*, 35 Ida. 436, 206 Pac. 807; *National Park Lumber Co. v. Nelson*, 37 Ida. 758, 218 Pac. 367; *California Gulch Placer Min. Co. v. Patrick*, 37 Ida. 661, 218 Pac. 378; *Utana Mining Corp. v. Salmon River Power & Light Co.*, 37 Ida. 793, 218 Pac. 789.)

Appellant insists that respondent has waived his right to insist upon a dismissal of the appeal because of the numerous stipulations between the parties extending the time to file briefs, by not objecting to a settlement of the reporter's transcript after the ninety-day period, and because of orders by members of this court extending the time to lodge the transcript on appeal in this court. It was held in *Lucas v. Nampa*, 37 Ida. 763, 219 Pac. 596, that a failure to file a transcript on appeal within the time provided by the rules was waived by subsequently entering into a stipulation with respect to filing appellant's brief. The rule there announced does not apply to the situation presented in this case. Here no step was taken to file the transcript within ninety days. The motion to dismiss was made before appellant had made any effort to procure the transcript. In many of the stipulations, it was expressly stated that no rights were waived in connection with the motion to

dismiss the appeal.   Appellant was not misled by the stipulation extending time, or in failing to object to a settlement of the reporter's transcript, because the motion to dismiss had been made and was pending.   The orders of this court extending the time were made after the time to lodge the transcript had expired and after the motion to dismiss the appeal had been made, and were, therefore, without prejudice to the right of the respondent to insist on his motion to dismiss the appeal.   (*Intermountain Association of Credit Men v. Rexburg Farmers' Society of Equity*, 38 Ida. 121, 220 Pac. 114.)

The pendency of a motion for a new trial does not extend the time within which to file a transcript on appeal from the judgment.   (*Miller v. Prout*, 32 Ida. 728, 187 Pac. 948.) In view of our conclusion that there is neither a showing of diligence nor a waiver of respondent's right to insist upon a dismissal, the motion to dismiss the appeal from the judgment is sustained.

Anticipating the action of the court on the motion to dismiss the appeal from the judgment, counsel for appellant insists that certain of the questions presented by them, relating to the merits of the action, should be considered on the appeal from the order overruling the motion for a new trial, appellant having asked for a new trial on the grounds that the "decision of the court is against law" and the insufficiency of the evidence.   Respondent, however, calls attention to the fact that appellant has nowhere specified as error the action of the trial court in overruling the motion for new trial, and insists that the judgment must therefore be affirmed.   Appellant makes twenty-five assignments of error, none of which refer in any manner to the action of the trial court in overruling the motion for new trial; and at no place in appellant's brief is it specifically stated that the court erred in denying a new trial.

Rule 42, among other things, provides: "The brief of the appellant shall also contain a distinct enumeration of the several errors relied on."   In a large number of decisions, including *Morton Realty Co. v. Big Bend Irr. & Min. Co.,*

37 Ida. 311, 218 Pac. 433; *Hill v. Porter,* 38 Ida. 574, 223 Pac. 538, and *Intermountain Farmers' Equity v. Norris,* 39 Ida. 685, 229 Pac. 745, this court refused to consider certain insufficient assignments of error.

Appellant insists that under *Smith v. Wallace National Bank,* 27 Ida. 441, 150 Pac. 21, it is not necessary to assign as error the action of the court in overruling the motion for new trial. In my opinion that case does not so hold. There the appeal was from an order granting a new trial, and this court said that the assignment was not "in the *usual form*" and that "no other action of the trial court is complained of." Here the action of the court in over-ruling the motion for new trial is not assigned as error, and there are at least twenty-five other actions of the trial court complained of. In *Glover v. Brown,* 32 Ida. 426, 184 Pac. 649, Mr. Justice Budge said:

"Moreover, these appellants are in no position to urge the question of *bona fide* purchase upon this appeal; first, because they have made no assignment of error raising the question in this court. . . . . "

See, also, *Perrin v. Union Pacific R. Co.,* 59 Utah, 1, 201 Pac. 405; *Lawyer-Cuff v. Bland,* 79 Okl. 307, 193 Pac. 525; *Davis v. McGilbray,* 81 Okl. 42, 196 Pac. 339.

Not desiring, however, to place what might be thought to be a too technical construction upon the rule stated in *Smith v. Wallace Nat. Bank, supra,* we have decided to consider the appeal from the order denying a new trial. In so doing we will consider only the two grounds upon which the motion was based. The first ground, that the evidence is insufficient to sustain the decision, cannot be considered, because the notice of motion for new trial specifies no particulars in which the evidence is insufficient, nor does the record show that notice of such specification was filed and served within the time provided by C. S., sec. 6890, or at all.

Counsel for appellant contends that under the assignment that the decision is against law, the court must consider:

First, does the complaint state a cause of action? As has been repeatedly held by this court, that question cannot be considered on a motion for new trial. (*Naylor v. Lewiston R. Co.,* 14 Ida. 789, 96 Pac. 573; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9; *Wright v. Stewart,* 32 Ida. 490, 185 Pac. 69.)

Second, has the court found upon all the material issues in the case? The contention of the appellant is that the court failed to find that the alleged omissions in the performance of defendant's duties occurred purposely, intentionally or consciously. The complaint does not allege that the neglect charged occurred purposely, intentionally or consciously, so that no material issue on these points was raised. Such a finding would go beyond the allegations of the complaint. Under the authorities above cited, the defects of the complaint in this respect, if they existed, are not reviewable upon appeal from an order denying a new trial.

Third, do the conclusions of law follow from the facts found by the court? And fourth, is the judgment of the court sustained by and does it necessarily follow the complaint, findings of fact and the conclusions of law? These questions could have been raised on an appeal from the judgment, but not upon a motion for new trial, under the assignment that the decision is against law. A new trial is a re-examination of an issue of fact. (C. S., sec. 6887.) That the court may have erred in applying the law to the facts as found is no ground for re-examining the facts; but the remedy is by appeal from the judgment. (*Caldwell v. Wells,* 16 Ida. 459, 101 Pac. 812 (citing many of the cases which are also relied upon in *In re Keating's Estate,* 162 Cal. 406, 122 Pac. 1079); Hayne, New Trial and Appeal, sec. 1; Spelling, New Trial and Appellate Practice, sec. 8.)

Motion to dismiss the appeal from the judgment granted.

Order denying motion for new trial affirmed.

Costs to respondent.

McCarthy, C. J., and Brinck, District Judge, concur.

WILLIAM A. LEE, J., Dissenting.—This is a proceeding of ouster, brought under C. S., sec. 8684, to remove appellant D. F. Clark from the office of trustee of independent school district No. 1, which includes the city of Twin Falls, and to recover the $500 penalty provided for by the statute.

The charging part of the information is "that the defendant has neglected and refused to perform the official duties pertaining to the office held by him in that the board of trustees of said school district including the defendant neglected and refused," etc.; and then follow thirty-eight counts, each enumerating specific acts of neglect of official duty as such member of the board of trustees of this district.

A general and special demurrer was interposed to the information, the general demurrer being that neither of said counts stated a cause of action, and upon the demurrer being overruled, defendant, respondent herein, answered, denying specifically the allegations in the several counts. The action was tried to the court and it made findings of fact and conclusions of law to the effect that appellant had refused and neglected his official duty, as charged in a number of the counts, and that appellant should be removed from office and pay respondent, the informer, $500, the penalty fixed by the statute.

The same charges were made against W. W. Parish and G. W. Bice, who were also members of the same school board during the same time, and a like judgment was rendered against each of them. By stipulation the actions were consolidated for the purpose of trial in the court below and only one hearing was had. After judgment the parties severally moved for a new trial, which was denied, and all the parties to the record agreed that the actions should be consolidated for the purpose of an appeal from the judgment and also from the order denying appellants' respective motions for a new trial.

The record on appeal from the judgment was not filed in this court within the time required by law. Appellants make a showing that such delay was due to an understand-

ing with counsel for respondent that the appeal might be delayed, awaiting the judgment of this court in the case of *Walton v. Channel et al.,* 34 Ida. 532, 204 Pac. 661; on rehearing, 34 Ida. 544, 204 Pac. 665. It appears from this showing that appellants failed to pursue with due diligence the perfecting of their record on appeal from the judgment below and having the same transmitted to this court within the time required by law, and there being nothing in the record that indicates counsel for respondent in any manner misled them into a belief that the delay would be excused, under frequent holdings of this court, the appeal from the judgment should be dismissed and the cause considered only upon the appeal from the order denying appellants a new trial.

The only assignment which it is necessary to consider is "that the decision of the court is against law." It will be observed that the charge against appellants is that they, as individuals, each severally "neglected and refused to perform the official duties pertaining to the office held by him in that the board of trustees of such school district, including the defendant, neglected and refused," etc., to perform the official acts enumerated in the 38 counts attempted to be charged in the information.

Each of these omissions to act complained of relates to official acts that could only be performed by the board of trustees acting as an official corporate entity. Not a single act or omission charged could have been performed by any one of these appellants acting individually or in concert with each other, unless they were joined in such action by the remaining three members of this official board. Therefore, this record presents the question, can a member of an official board, consisting of six members, be charged with having refused or neglected to perform an official duty pertaining to his office, where the refusal or neglect pertains to an act or acts that can only be done by the board of which he is a member, unless the information contains some appropriate allegation which shows, or tends to show, that such member was derelict in his duty in such manner, or in

40 Idaho—7

some way that contributed to the failure of the board to take the official action required? It cannot be contended that any one or more members of an official board of this character can be guilty of violating the provisions of C. S., sec. 8684, and thereby be subject to removal from office and the penalty of $500, unless he has in some manner contributed to the neglect or refusal of the official body of which he is a member to perform the official duties of such board.

In the instant case only three of the six members of the board are charged with a refusal and neglect of duty. But it is plain that they cannot be guilty of a dereliction of duty unless they in some manner have contributed to the failure of the board to act. If the charge, as in the Channel case, *supra,* was against all the members constituting the board, it would state at least a *prima facie* case. I do not think that the penalty prescribed by this section of the statute can be evaded by an individual member of an official board, because such official action requires a majority of its number, or of a legal quorum of such board to act, and where all the members are properly charged with such failure or neglect, it may constitute a sufficient charge against each of them severally. But where less than a legal majority are charged for the failure of the board, in order to state a cause of action against such member, or any one, or all, who may have been ready and willing to act but could not do so by reason of not having any power to act, the information, in order to state a cause of action, should allege facts tending to show that the refusal and neglect of such members prevented or tended to prevent the board from acting, and in the absence of such allegation the information fails to state a cause of action.

While proceedings under this statute are of a civil character, in the nature of *quo warranto,* to remove from office those who neglect to perform their official duty, it is termed a *quasi*-penal statute, and is summary in its operation. The right of a jury trial being denied, it is, in effect, an impeachment of an official, for it removes him from

office and penalizes him in the sum mentioned by the statute. While it is not required to show that the official acted with an evil or corrupt intent, it is necessary that the act done or omitted to be done was intentionally, designedly and without lawful excuse. (*Archbold v. Huntington,* 34 Ida. 558, 201 Pac. 1041.) As was said in *Walton v. Channel, supra,* this statute is penal in its nature, and should be strictly construed.

In *State v. Kennedy,* 82 Kan. 373, 108 Pac. 837, in construing a statute in legal effect the same, it is said: "The penalty denounced cannot be inflicted on an individual officer because of a neglect of a duty unless he has neglected to perform some act which it is his duty to perform. Manifestly the duty must be personal and the act must be one which he is able to perform, or he cannot be at fault. He cannot be guilty of neglect in failing to perform an act which he has no legal capacity or authority to perform." See, also, *Monnier v. Godbold,* 116 La. 165, 7 Ann. Cas. 768, 40 So. 604, 5 L. R. A., N. S., 463, and note; *Hydraulic Pressed Brick Co. v. School Dist.,* 79 Mo. App. 665; *Bassett v. Fish,* 75 N. Y. 303; 22 R. C. L., p. 487, sec. 165; 23 Am. & Eng. Ency. of Law, p. 377.

By C. S., sec. 6591, "There is in this state but one form of civil action"; and by C. S., sec. 6670, "Civil actions in the courts of this state are commenced by filing a complaint." C. S., sec. 6687, requires that "the complaint must contain . . . . a statement of the facts constituting the cause of action, in ordinary and concise language." C. S., sec. 6693, provides that "if no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

In the instant case appellants did object to the complaint on the ground that it did not state a cause of action against either of them. But if, in fact, it failed to state a cause of action, a failure to object would not be a waiver of the right

to raise this question at any later stage of the proceedings.

While courts will ordinarily indulge every reasonable presumption and intendment in favor of a pleading in order to sustain a judgment that has been pronounced thereon, I know of no authority and think none can be found, either at common law or under the code system of procedure, holding that a judgment can be sustained in any civil action unless a cause of action has been stated in the petition or complaint. A civil action can only be instituted by the filing of a complaint. Without such a foundation for its action the judgment of a court of record is void, even though it be a court which has jurisdiction over the subject matter referred to in the judgment. (*In re Tinn*, 148 Cal. 773, 113 Am. St. Rep. 354, 84 Pac. 152; 1 Freeman, Judgts., sec. 118; Works on Jurisdiction, p. 30, sec. 11.) "This pleading must not only state a complete cause of action against the defendant, but it must also show a right of action in the plaintiff." (21 R. C. L., p. 482, sec. 46.)

Under the provisions of sec. 4178 of the Rev. Codes, if the complaint fails to state facts sufficient to constitute a cause of action, the complaint will not support the judgment rendered upon said complaint, and the judgment so entered will be reversed upon appeal. (*Trueman v. Village of St. Maries*, 21 Ida. 632, 123 Pac. 508, citing with approval *Crowley v. Croesus Gold Min. Co.*, 12 Ida. 530, 86 Pac. 536.)

I think the information in the instant case fails to state a cause of action and that the cause should be reversed and remanded with instructions to permit the informant, if he so desires, to amend the information so the facts stated will support a judgment, and the cause thereafter proceeded with in the usual manner.

I am authorized to say that Justice Budge concurs in the view that the information is insufficient to support a judgment and that the judgment appealed from should be set aside.

Petition for rehearing denied.