(November 2, 1918.)

IOWA STATE SAVINGS BANK, a Corporation, Appellant, v. E. J. TWOMEY, HYRUM STANGER, W. WAGSTAFF, FRANK ELLIOTT, W. J. BARNARD, WILLIAM WALTER, W. BENNION, JAMES W. SORENSON, A. M. ABBOTT, J. F. GISH, O. F. ALLEN, CHAS. GALLABY and W. B. BARNHART, Respondents.

[175 Pac. 812.]

APPEAL—TRANSCRIPT—TIME FOR FILING—DILIGENCE.

1.  Where a transcript on appeal has not been filed within the time limited by the rules, or an extension thereof, such appeal will, upon

motion, be dismissed in the absence of a sufficient showing of diligence by the appellant.

2. A failure to apply for an extension of time within which to file a transcript negatives the question of diligence.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Action to recover on three promissory notes; judgment for defendants. Plaintiff appeals. *Dismissed.*

Holden & Holden, for Appellant.

The diligence which this court requires must be directed toward seeing that the transcript of the record on appeal is filed within the time allowed under the rules of this court does not embrace the obtaining of an order extending the time for the filing of such transcript. At any rate the record in this case shows that the appellant is entirely blameless for the delay that occurred. (*Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910.)

S. C. Winters and McDougall & Jones, for Respondents.

The transcript was not filed in this court until more than one year after the expiration of the time allowed by the rules of the court. The record does not disclose that any extension of time was ever applied for or granted by this court. The showing made by the affidavit of the court reporter would have been proper upon which to base an application for an extension of time, and it was the duty of the appellant's attorney, who was cognizant of the delay that would likely occur, to have applied for an extension of time. (*Worthman v. Shane, ante,* p. 433, 173 Pac. 750, 751; *Wolter v. Church,* 30 Ida. 427, 430, 165 Pac. 521; *Stout v. Cunningham,* 29 Ida. 809, 820, 162 Pac. 928.)

BUDGE, C. J.—The appeal in this case was perfected by filing notice and undertaking on appeal on January 31,

1917. The transcript was not filed, however, until April 8, 1918, more than fourteen months after the appeal had been perfected, notwithstanding the fact that Rule 26 of the rules of the supreme court then in effect provided that:

"In all cases where an appeal is perfected, .... transcripts of the record (showing the date of filing the undertaking on appeal) must be served upon the adverse party and filed in this court within sixty days after the appeal is perfected. . . . . "

Appellant in his brief, upon respondents' motion to dismiss, cites *Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928, to the effect that appellant's attorney should use due diligence and all reasonable means within his power to the end that the transcript may be filed within the time allowed under the rules or to procure an extension upon a proper showing before the expiration of such time. In that case this court said (29 Ida., p. 820) :

"The appeal was perfected immediately upon the service of the notice of the appeal and the filing of the undertaking on appeal with the clerk of the trial court. It was the duty of the attorney for the appellant, under the statutes and rules above cited, not only to call upon the clerk and ask him if the transcripts would be ready within the time prescribed, but it was further the duty of the attorney for appellant to definitely ascertain from the clerk whether the transcript would be ready within the sixty days, and if not to secure an extension of time."

Appellant maintains that the delay in filing the transcript was unavoidable, due to the illness of the reporter of the district court. Granting that such is the case, the appellant is not thereby excused from his duty to procure an extension of time within which to file the transcript.

In a recent case this court said: "The showing now made would have been proper, and perhaps sufficient, in support of such application. It is not sufficient as an excuse for failure to apply for an extension, and therefore due diligence does not appear." (*Hansen v. Boise Payette Lumber Co., ante,* p. 600, 174 Pac. 703.)

An essential element of the diligence necessary to be shown is an application for an extension of time before the time limited by the rules expires, and a failure to apply for such extension establishes lack of diligence unless such failure is shown not to be due to fault upon the part of appellant.

The appeal is dismissed. Costs are awarded to respondent.

Morgan and Rice, JJ., concur.