(April 28, 1922.)

# BLUMAUER–FRANK DRUG COMPANY, a Corporation, Appellant, v. THE FIRST NATIONAL BANK OF WEISER, a Corporation, Respondent.

[206 Pac. 807.]

APPEAL—MOTION TO DISMISS—FAILURE TO FILE TRANSCRIPT WITHIN TIME REQUIRED BY RULE 26.

1. Where a transcript on appeal has not been filed within the time limited by the rules, or an extension thereof, such appeal will, upon motion, 'be dismissed in the absence of a sufficient show-ing of diligence by the appellant.

2. A failure on part of appellant to apply for extension of time within which to file a transcript on appeal constitutes lack of diligence.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

An action for value of goods sold and delivered. Appeal from judgment of dismissal. Appeal *dismissed.*

Ed. R. Coulter, for Appellant.

Harris, Stinson & Harris, for Respondent.

Counsel file no briefs on points decided.

McCARTHY, J.—Respondent has moved to dismiss the appeal on the ground that the transcript was not filed in this court within the time limited by rule 26 (176 Pac. xix). The appeal was perfected on Nov. 20, 1920. It is from a judgment of dismissal, the court having sustained a de-murrer and motion to strike, and appellant having refused to plead further. On Feb. 19, 1921, the time to file the transcript having expired, the clerk of the district court notified appellant's attorney that he had been unable to

complete it. Appellant procured from respondent's attorney a stipulation that the clerk should have thirty days additional time to complete, serve and file the transcript, and that the judge of the district court might make an order to that effect. Such an order was made. Both the stipulation and order were dated back to Feb. 12, 1921.

The stipulation as such could not have the effect of extending the time. The order could not have that effect because the district judge had no authority to make such an order. (C. S., sec. 7166, subd. 3; Rule 26; Rule 28.)

This court has held: "When the transcript on appeal is not filed within the time prescribed by the rules of this court and no extension of time has been granted, the appeal is subject to dismissal." (*Peterson v. Phelps,* 31 Ida. 692, 175 Pac. 709.)

Also, "Where a transcript on appeal has not been filed within the time limited by the rules, or an extension thereof, such appeal will, upon motion, be dismissed in the absence of a sufficient showing of diligence by the appellant.

"A failure to apply for an extension of time within which to file a transcript negatives the question of diligence." (*Iowa State Sav. Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812. See, also, *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148.)

In *Moody v. Crane,* 34 Ida. 103, 199 Pac. 652, this court affirmed the rule of *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910, in holding that: "Under C. S., sec. 6886, it is the duty of the court reporter, where he has been unable to prepare a transcript within the time allowed by the trial court's order, to have such time extended before its expiration, but his failure to do so will not be sufficient reason for striking such transcript from the record on appeal, where appellant has not contributed to such delay."

We are now asked by appellant to affirm the rule of *Fischer v. Davis,* in holding that, under C. S., sec. 7166, it is the duty of the clerk of the district court to obtain an extension of time to file a transcript in this court; that appellant is under no duty in the matter and that an appeal should

not be dismissed when the clerk does not obtain the necessary extension.

*Iowa State Sav. Bank v. Twomey* and other decisions cited *supra,* while not expressly overruling *Fischer v. Davis* on this point, hold adversely to this contention and settle the question in this state. We affirm the rule as settled in those cases and decline to revive the rule of *Fischer v. Davis* on this point.

The motion to dismiss the appeal is granted, with costs to respondent.

Rice, C. J., and Dunn and Lee, JJ., concur.