(October 11, 1922.)

## H. B. LAKE & COMPANY, Respondent, v. J. F. BALES, Appellant.

[210 Pac. 396.]

DISMISSAL OF APPEAL—APPLICATION OF COURT RULES.

1. Where a transcript on appeal is not filed in the supreme court until more than five months have elapsed since the appeal was perfected, and no application for an extension of time has been applied for or granted, the appeal will be dismissed on motion under the provisions of Rule 29.

2. In construing Rule 26, an appeal is deemed to have been perfected when the notice and undertaking on appeal are filed in the lower court.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed L. Bryan, Judge.

Action on contract. Judgment for plaintiff. *Appeal dismissed.*

Buckner & Warren and Walter Griffiths, for Appellant.

The facts in this case come squarely within the case of *Welch v. Spokane etc. Ry. Co.,* 32 Ida. 668, 186 Pac. 915.

While Rule 26 has been amended since the Welch case, nevertheless the rule has been interpreted to mean that the appeal is perfected and completed in the supreme court, where it embodies a reporter's transcript, only when the transcript is settled and allowed by the trial court. (*Welch v. Spokane etc. Ry. Co.,* 32 Ida. 668, 186 Pac. 915; *Scott v. Madarica,* 32 Ida. 756, 188 Pac. 37; *Columbia Trust Co. v. Balding,* 34 Ida. 579, 205 Pac. 264.)

Wyman & Wyman, for Respondent.

In the circumstances of this case, the appeal must be dismissed. (*Blumauer-Frank Drug Co. v. First Nat. Bank of Weiser,* 35 Ida. 436, 206 Pac. 807; *Columbia Trust Co. v.*

*Balding,* 34 Ida. 579, 205 Pac. 264; *Iowa State S. Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812; *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148.)

BUDGE, J.—The respondent moves to dismiss the appeal in this action upon the ground that the transcripts of the record were not served and filed in this court within ninety days after the perfection of the appeal, no extension of time for the filing of said transcripts having been applied for or made.

From the record it appears that the appeal was perfected on January 30, 1922, but that the transcript was not filed in this court until July 7, 1922, more than five months thereafter, and that no application for an extension of time was asked for or granted for the filing of the transcript in this court.

Rule 26, which was in force at the time the appeal was perfected in this case, provides that transcripts of the record "must be served upon the adverse party and filed in this court within ninety days after the appeal is perfected," while Rule 29 provides that in the event of a failure to file the transcript in this court within the time limited by the rule, upon motion the appeal may be dismissed. For the latest expressions of this court in which this case is disposed of, attention is called to the case of *Blumauer-Frank Drug Co. v. Nat. Bank of Weiser,* 35 Ida. 436, 206 Pac. 807; *Columbia Trust Co. v. Balding,* 34 Ida. 579, 205 Pac. 264; *Iowa State Sav. Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812; *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148.

The appeal is perfected, under Rule 26, when the notice and undertaking on appeal are filed in the court below, and we do not understand Rule 26 to provide or to have been interpreted to mean "that the appeal is perfected and completed in the supreme court, where it embodies a reporter's transcript, only when the transcript is settled and allowed by the trial court."

The appeal will be dismissed and it is so ordered. Costs are awarded to respondent.

Rice, C. J., and McCarthy and Dunn, JJ., concur.

Petition for rehearing denied.

---

(October 11, 1922.)

