(October 23, 1922.)

## T. W. & L. O. NAYLOR COMPANY, a Corporation, Appellant, v. ROY BOWMAN, Respondent.

[209 Pac. 1071.]

APPEAL AND ERROR—WHEN DEFECTS IN UNDERTAKING WAIVED—ORDER EXTENDING TIME—WHEN IT WILL AVOID DISMISSAL OF APPEAL.

1. A motion to dismiss an appeal will be denied where the ground of such motion is "that there is no undertaking on appeal as required by C. S., sec. 7154," where an undertaking has been given, and it appears that the objection to it is on the ground of irregularity in form, and such objection has not been made within the time or as otherwise required by said statute.

2. Where this court or any justice thereof has made an order under Rule 28 of this court extending the time to file a transcript on appeal, such order will not be vacated and the appeal dismissed for want of diligence in filing such transcript, unless it is made to appear that the order was obtained by misrepresentation or concealment of material facts.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Motion by respondent to dismiss appeal. *Denied.*

Miller & Ricks, for Respondent.

O. A. Johannesen and Kenneth E. McKenzie, for Appellant.

Counsel file no briefs.

LEE, J.—Respondent moves to dismiss this appeal upon four grounds: (1) that there is no undertaking on appeal as required by C. S., sec. 7154; (2) that an order for a reporter's transcript was procured, but that none has been filed or served, and no effort has been made to procure such transcript; (3) that appellant has failed to diligently

prosecute this appeal; (4) that no reporter's transcript or other bill of exceptions has been settled or allowed.

Respondent has sent to the clerk of this court a certified copy of the undertaking on appeal and *supersedeas.* It is sufficient in amount for both purposes, and the objection urged to it at the hearing was its insufficiency as an appeal bond, for the reason that it failed to comply with C. S., sec. 7154, in that it did not obligate the surety company to pay in case the appeal was dismissed. This objection is not tenable, for while in form this undertaking does not in all respects accord with the usual form, it does contain this provision with reference to liability in case of dismissal:

"We, the T. W. & L. O. Naylor Company, a corporation, by its attorney, etc., as the principal, and the American Surety Company of New York, a corporation, as the surety, do, in consideration thereof, and of the premises, undertake and promise, and do acknowledge ourselves jointly and severally bound in the sum of $1600.00, gold coin of the United States, that if said judgment appealed from, or any part thereof, be affirmed *or the appeal dismissed,* the appellant will pay, etc."

In *Meservy v. Idaho Irr. Co.,* 35 Ida. 257, 205 Pac. 559, it is held that one instrument may serve the double purpose of an undertaking on appeal and *supersedeas,* if it substantially meets the requirements of C. S., secs. 7154 and 7155, and that such undertaking is not void, although it may omit the words "or on dismissal thereof," and such defect will be waived unless raised in the manner required by C. S., sec. 7154. (See, also, *Martin v. Wilson,* 24 Ida. 363, 134 Pac. 535; *Clear Lake Power etc. Co. v. Chriswell,* 31 Ida. 339, 173 Pac. 326.)

The remaining grounds upon which this motion to dismiss is based are in effect that a reporter's transcript has not been procured, served, settled or allowed, that appellant has not diligently prosecuted the appeal, and that no transcript or other bill of exceptions by which said cause can be reviewed has been settled or allowed, although the

appeal was taken in April of this year, more than four months prior to the making of this motion. Appellant seeks to excuse the delay by showing that James L. O'Brien, who was the official reporter when the case was tried, has removed to California, and is therefore beyond the jurisdiction of the court, and that he had thus far failed and refused to prepare a reporter's transcript except upon the payment of an exorbitant charge.

We will not at this time consider the sufficiency of this showing, or as to whether or not it might be successfully met upon the ground that appellant had failed to take any action against the reporter upon his official bond. It is sufficient to say that an order extending the time in which to file the record in this court was made by one of the justices thereof, extending such time until September 15, 1922, and that no reason appears by the motion or showing in support of the same why that order should be vacated. After an order extending the time in which to file the record on appeal has been made by this court or a justice thereof, it will not be vacated without a showing that the order has been procured by a misrepresentation or concealment of a material fact, or some other reason that would justify this court in vacating its own order, which has not been done.

The motion to dismiss the appeal will be denied.

Rice, C. J., and McCarthy and Dunn, JJ., concur.