(December 28, 1922.)

## JAMES H. DYE et Ux., Appellants, v. MOSCOW STATE BANK et al., Respondents.

[212 Pac. 870.]

APPEAL—MOTION TO DISMISS—FAILURE TO FILE TRANSCRIPT WITHIN TIME—WAIVER.

1. In case of emergency, if an order of this court or a justice thereof extending time for filing transcript is made without such showing as is contemplated by Rule 28 of this court, such order is made without prejudice, and if challenged by respondent appellant must support it with a showing at least sufficient to have justified such order in the first instance.

2. Respondent by failing to make timely objection to settlement of reporter's transcript and by consenting to a settlement thereof after time for filing completed transcript in the supreme court may waive the right to object to the filing of such completed transcript out of time.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Motion to dismiss appeal. *Denied.*

Fred E. Butler and Edward C. Butler, for Appellant, cite no authorities.

Morgan & Keane, for Respondents.

''The question of waiver is mainly a question of intention, which lies at the foundation of the doctrine. Waiver must be manifested in some unequivocal manner, and to operate as such it must in all cases be intentional. There can be no waiver unless so intended by one party and so understood by the other, or one party has so acted as to mislead the other and is estopped thereby." (40 Cyc. 261; *Coeur d'Alene v. Spokane etc. R. R. Co.,* 31 Ida. 160, 169 Pac. 930; *Brooks v. Nevada Nickel Syndicate,* 24 Nev. 264, 52 Pac. 575; *Atchison etc. v. Rodgers,* 16 N. M. 120, 113

Pac.. 805; *Allredge v. Allredge,* 20 N. M. 472, 151 Pac. 311, syl. 2.)

DUNN, J.—Respondent has moved to dismiss the appeal in this case on the following grounds:

1. For the reason that the transcript on appeal in said cause was not served upon the respondents herein or filed in the supreme court within ninety days after the appeal was perfected, as provided by statute, and by Rule 26 of this court, nor was the time for the filing of said transcript extended by said court or a justice thereof upon good cause shown by affidavit, or upon stipulation of the parties that good cause exists therefor, filed with the clerk or anyone else, as provided by Rule 28 of this court.

2. That said appeal has not been prosecuted with due diligence, but that the same is prosecuted solely for the purpose of delay, and that the action of appellants in connection with said appeal has been dilatory and has shown a manifest disregard of the law and the rules of this court.

3. That no good cause exists, or ever existed, for the granting of an extension of time in which to file said transcript, and that no showing whatever, as provided by the rules, was made for the purpose of obtaining said extension, and that the showing as made was false and made for the purpose of misleading the chief justice of this court with reference to the reasons for the failure to file said transcript within said ninety day period.

In support of said motion respondent has filed the certificate of the clerk of the district court of Latah county showing the amount and character of the judgment, the date of its rendition; the fact and date of the filing of the notice of appeal and undertaking on appeal; the fact and date of the settlement of the reporter's transcript, as required by Rule 30 of this court, and the affidavits of Adrian Nelson, deputy clerk, and A. L. Morgan, one of the counsel for respondent.

From the showing it appears that the appeal was perfected on June 16, 1922, and on said date appellants filed

36 Idaho.—30

their praecipe for a transcript. On June 17th the clerk notified counsel for appellant at Lewiston, Idaho, by mail what the cost of the transcript would be, and on June 19, 1922, appellant filed with the clerk an order directing the reporter to prepare a complete transcript of the testimony and proceedings in said case and lodge the same on or before the 18th day of July. The reporter's transcript was lodged with the clerk within the time fixed by the order. Nothing further appears to have been done by counsel for appellants until about September 8th, on which date he wrote the deputy clerk, Adrian Nelson, inclosing $75 to pay for the record in this case. Affiant Nelson says that on or about the 7th day of September he wrote Fred E. Butler informing him that it would be impossible for him to complete the transcript within the time provided by the rules of the supreme court and sets forth a copy of a letter received from the said Butler under date of September 13, 1922, in which Butler says: "I have your letter of the 7th in the above matter," referring to this case. On September 12th, Butler wired the Chief Justice as follows: "Clerk of Latah county advised me today that he will be unable to lodge transcript in the case of Moscow State Bank versus Dye by Sept. sixteenth when time expires please wire me or the clerk collect an extension of at least fifteen days," and in compliance therewith an order was made extending the time for filing the transcript to October 5, 1922.

The charge that the showing made by Butler was false and made for the purpose of misleading the Chief Justice is based upon the fact that it appeared from said letter dated September 13, 1922, that the information claimed in the telegram to the Chief Justice to have been received on the 12th of September was contained in the letter acknowledged by Butler as written on the 7th of September, which, if it in fact had been mailed on the 7th, should probably have been received on the 8th. But, as appears below, it was doubtless mailed on September 11th.

Against the showing made by respondent by means of the clerk's certificate and affidavits mentioned above no showing is made except in an unsworn statement signed by Edward C. Butler and Fred E. Butler, attorneys for appellants, to which appellants attached as exhibits the originals of certain letters. Among these is a letter bearing date of September 11, 1922, signed by Adrian Nelson, deputy clerk. This is the letter from the deputy clerk mentioned in the letter of Fred E. Butler under date of September 13, 1922, and therein referred to as written on the 7th day of September, which letter of September 13, 1922, is set out in full in the affidavit of Adrian Nelson. While the unsworn statement of counsel is not a proper identification of this letter and is not sufficient to entitle it to be considered as evidence, it is only fair to say that the letter appears to be genuine and to acquit counsel of having misrepresented to the Chief Justice the date on which he received word that the clerk could not complete the transcript before the expiration of the time for filing in this court.

While no showing except as contained in the telegram was made in obtaining the order extending the time within which to file the transcript, such order was not for that reason void. Occasionally there are emergencies which seem to justify, if not to require, such action by the court or one of the justices as was taken in this case. It must be understood, however, that if in any such case the order extending time is challenged by respondent, appellant must meet such challenge with a showing at least as satisfactory as would have been required if the showing had been made in the first instance.

Were the motion to be determined upon the matters thus far shown we think the appeal should be dismissed, since appellant clearly was not diligent, but in the transcript filed by appellants there is a written stipulation signed by counsel for respondents and entered into on the 16th day of September, 1922, by which it is agreed that the reporter's transcript in this case might be settled by the district judge

without further notice to counsel on either side. The period of 90 days from the perfecting of the appeal, within which the completed transcript was required to be filed in this court, expired on September 14th. The transcript was settled by the district judge September 22d, and was filed in this court on September 26th. After the stipulation was entered into there was no unreasonable delay in filing the completed transcript. Notwithstanding the failure of appellants to meet the showing made by respondents with a sworn statement, we think the stipulation ·entered into after the time for filing the transcript had expired should be considered as a substantial waiver of objection to the filing of the transcript if made with reasonable promptness thereafter, which was done. (*Littler v. Jefferis,* 35 Ida. 27, 202 Pac. 602.) The motion to dismiss the appeal is therefore denied.

Budge, McCarthy and Lee, JJ., concur.

Petition for rehearing denied.