(March 17, 1923.)

ANNA E. GATES, Respondent, v. TODD COMMERCIAL COMPANY, a Corporation, Appellant.

[213 Pac. 1017.]

FAILURE TO FILE TRANSCRIPT IN TIME.

1. Where a transcript on appeal has not been filed within the time limited by the rules, or an extension thereof, such appeal will, upon motion, be dismissed in the absence of· a sufficient showing of diligence by the appellant.

2. A failure to apply for an extension of time within which to file a transcript negatives the question of diligence.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Motion to dismiss appeal for failure to file transcript within time prescribed by Rule 26.   *Appeal dismissed.*

G. W. Lamson, for Appellant, files no brief.

S. Ben Dunlap, for Respondent.

A failure of appellant to observe Rule 26 will result in a dismissal of the appeal. (*Lake & Co. v. Bales, ante,* p. 142, 210 Pac. 396; *Blumauer-Frank Drug Co. v. National Bank of Weiser,* 35 Ida. 436, 206 Pac. 807; *Columbia Trust Co. v. Balding,* 34 Ida. 579, 205 Pac. 264; *Iowa State Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812; *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148; *Peterson v. Phelps,* 31 Ida. 692, 175 Pac. 709.)

A failure on the part of appellant to apply for an extension of time within which to file a transcript on appeal constitutes a lack of diligence. (*Blumauer-Frank Drug Co. v. First Nat. Bank, supra; Iowa State Sav. Bank v. Twomey, supra; Woodmansee & Webster Co. v. Woodmansee, supra.*)

BUDGE, C. J.—Respondent has moved to dismiss the appeal in this case upon the ground that the transcript was not filed in this court within the 90-day period prescribed by Rule 26, or any extension thereof as provided by Rule 28.

The motion to dismiss is based upon the certificate of the clerk of the district court, from which it appears that the appeal was perfected on Oct. 23, 1922, and that the reporter's transcript was settled by the trial judge on January 29, 1923. It further appears that the completed transcript was filed in this court upon January 31, 1923, or just 100 days after the appeal was perfected, and that no extension of time was applied for.

In the case of *Iowa State Savings Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812, it was held that: "Where a transcript on appeal has not been filed within the time limited by the rules, or an extension thereof, such appeal will, upon motion, be dismissed in the absence of a sufficient showing of diligence by the appellant."

Also in the same case: "A failure to apply for an extension of time within which to file a transcript negatives the question of diligence."

This case has been followed and the same rule applied in the late cases of *Blumauer-Frank Drug Co. v. First National Bank,* 35 Ida. 436, 206 Pac. 807; *Lake & Co. v. Bales, ante,* p. 142, 210 Pac. 396; *Gemmel v. Collins, ante,* p. 416, 210 Pac. 738; *Parkinson v. Winzler, ante,* p. 449, 210 Pac. 738.

The appeal should be dismissed, and it is so ordered.

McCarthy, Dunn and W. A. Lee, JJ., concur.