(August 4, 1923.)

FRED E. PEARL, Respondent, v. JAMES E. WESTON, Defendant; BRUNEAU STATE BANK, of Bruneau, Idaho, a Banking Corporation, Appellant.

[217 Pac. 599.]

FAILURE TO FILE TRANSCRIPT IN TIME.

1. Where a transcript on appeal has not been filed within the time limited by the rules, or an extension thereof, such appeal will, upon motion, be dismissed in the absence of a sufficient showing of diligence by the appellant.

2. A failure to apply for an extension of time within which to file a transcript constitutes lack of diligence.

MOTION to dismiss appeal for failure to file transcript within time prescribed by Rule 26. *Appeal dismissed.*

C. S. Hunter, for Appellant.

M. H. Eustace, for Respondent.

Counsel file no briefs.

McCARTHY, J.—This action is before this court upon motion of respondent to dismiss the appeal upon the ground that the transcript was not served and filed within ninety days after the perfection of the appeal as prescribed by Rule 26, and that no extension of time was asked for or obtained as provided by Rule 28.

The certificate of the clerk of the district court discloses that the appeal was perfected on December 12, 1922, and at the date of the certificate, March 28, 1923, the transcript had not been settled or lodged. It is appellant's contention that the failure to file and serve the transcript was occasioned by loss of the original files in the office of the clerk of the district court. If such were the case, a request and order for extension of time within which to file transcript, as provided by Rule 28, would have preserved the appeal until such time as the files could be found, and would have

indicated due diligence on the part of appellant, but no extension of time was requested or granted.

In the case of *Iowa State Savings Bank v, Twomey*, 31 Ida. 683, 175 Pac. 812, it was held that: "Where a transcript on appeal has not been filed within the time limited by the rules, or an extension thereof, such appeal will, upon motion, be dismissed in the absence of a sufficient showing of diligence." And in that case it was also held that a failure to apply for an extension of time within which to file a transcript constitutes lack of diligence.

To the same effect see: *Blumauer-Frank Drug Co. v. First National Bank*, 35 Ida. 436, 206 Pac. 807; *H. B. Lake & Co. v. Bales*, 36 Ida. 142, 210 Pac. 396; *Gemmell v. Collins*, 36 Ida. 416, 210 Pac. 738; *Parkinson v. Winzler*, 36 Ida. 449, 210 Pac. 738; *Gates v. Todd Commercial Co.*, 36 Ida. 784, 213 Pac. 1017; *Curtis v. Knollin*, 37 Ida. 393, 217 Pac. 1117.

Upon the foregoing authority the appeal should be dismissed, and it is so ordered.

Dunn and William A. Lee, JJ., concur.