(August 4, 1923.)

CALIFORNIA GULCH PLACER MINING COMPANY, a Corporation, Appellant, v. E. A. PATRICK, Respondent.

[218 Pac. 378.]

Appeal and Error—When Record on Appeal must be Filed Under Rule 26—Order Extending Time Under Rule 28—When Such Order may be Vacated—Reporter must Keep His Time Extended—Appellant to Obtain Extension of Time to File Transcript on Appeal—Rule 26 has Same Force as Statute—Time Fixed Therein not Jurisdictional—When It may be Waived or Suspended.

1. Where an appellant fails to have the reporter's transcript settled by the trial judge and the completed transcript on appeal

filed in this court within ninety days as fixed by Rule 26, or to obtain an extension of such time in the manner prescribed by Rule 28, the appeal may be dismissed.

2. An order extending the time to file a transcript on appeal, if made after the time has expired, may be vacated if it subsequently appears that the party procuring such order was not entitled to the same.

3. It is the duty of the reporter to keep the time extended in which to prepare his transcript, but his failure to do so will not subject such transcript to a motion to strike it from the transcript on appeal when the appellant is without fault.

4. After an appeal is perfected, it is the duty of the appellant, and not of the clerk, to have the reporter's transcript settled by the judge who tried the cause, and to obtain the necessary extensions of time in which to have such transcript settled and the record on appeal completed and filed in this court.

5. After the clerk receives the original and two copies of the reporter's transcript and lodges the same, and delivers the remaining two copies to the party who ordered them, he is not charged with any further duty regarding the settlement of such transcript; but after appellant has procured such settlement by the trial judge, it then is the duty of the clerk to incorporate the same with his transcript and transmit the complete record to this court.

6. The time for filing the record on appeal as fixed by Rule 26 is not jurisdictional, and where the appellant has been misled by representations of the officers preparing the record that it would be ready for filing within such time, or by some act of the adverse party inducing appellant to believe that the delay would be waived until it was too late to apply for an extension, the appeal should not be dismissed.

7. Rule 26 having been adopted in compliance with subdivision 3 of C. S., sec. 7166, it has the same force as if it were a legislative enactment, and may only be suspended where appellant is without fault, and would be, by its enforcement, unjustly or fraudulently deprived of his right to appeal.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. Albert H. Featherstone, Judge.

Motion to dismiss appeal under Rule 26. *Appeal dismissed.*

Reed & Boughton, for Appellant.

R. L. Edmiston and J. Ward Arney, for Respondent.

Counsel file no briefs on points decided.

WILLIAM A. LEE, J.—Respondent moves to strike the transcript and dismiss the appeal for the reason that appellant failed to have the same settled by the trial court within the time limited by law, or to file such transcript on appeal within the time fixed by Rule 26 of this court.

The record shows that judgment was entered September 14, 1921; that the motion for a new trial was overruled December 27, 1921; that an appeal from said order was perfected January 23, 1922; and that the completed record on appeal was filed in this court May 25, 1923.

The reporter's transcript was lodged with the clerk of the district court February 21, 1922, and that officer, apparently in disregard of the second subdivision of C. S., sec. 6886, which requires him to mark the original and two copies as lodged on the day of their receipt and deliver the remaining two copies to the party procuring them, did not transmit these two remaining copies to appellant's counsel until March 20th following.

Counsel for appellant in resisting this motion to strike and to dismiss the appeal states in an affidavit "that the completed transcript was served on attorneys for respondent on the twenty-second day of March, 1922, and the signed acceptance thereof transmitted by letter written by the affiant to Harry A. Rogers, clerk of the district court, Wallace, Idaho, on said twenty-second day of March, 1922, etc."

It does not appear that anything further was done toward completing and filing the record on appeal in this case until May 7, 1923, when an order was made directing the clerk of this court to accept for filing the transcript and set the cause for hearing. This order recites: "It appearing to the undersigned Chief Justice of the above-entitled court that an appeal was duly and regularly perfected in the above-

entitled cause, transcript prepared and served within the time prescribed by law, etc.'' The record shows that the reporter's transcript was not settled by the trial judge until the day this order was made, and that the clerk of the district court did not add his certificate to the completed record on appeal until May 10, 1923, and that it was not filed in this court until May 25, 1923.

An order extending the time to file a transcript on appeal is usually made upon an *ex parte* application, and granted as of course, but where the application is made after the time prescribed by Rule 26 has expired, it is subject to be vacated if it subsequently appears that appellant was not entitled to such order.

It would seem to be a matter of supererogation to again call attention to the cases wherein it has been held that where the transcript on appeal has not been filed within ninety days after the appeal has been perfected, as required by Rule 26, and no extension of time has been granted before its expiration, the appeal will be dismissed unless the appellant is without fault in the matter. The following are among the more recent cases so holding: *T. W. & L. O. Naylor Co. v. Bowman,* 36 Ida. 211, 209 Pac. 1071; *H. B. Lake & Co. v. Bales,* 36 Ida. 142, 210 Pac. 396; *Gemmell v. Collins,* 36 Ida. 416, 210 Pac. 738; *Dye v. Moscow State Bank,* 36 Ida. 464, 212 Pac. 870; *Gates v. Todd Commercial Co.,* 36 Ida. 784, 213 Pac. 1017; *Kenney v. Kenney* (without opinion); *Keating v. McGivney, post,* p. 797, 218 Pac. 791; *Utana Mining Corp. v. Salmon River Power etc. Co., post,* p. 793, 218 Pac. 789, decided this term.

In *Moody v. Crane,* 34 Ida. 103, 199 Pac. 652, it is held that under C. S., sec. 6886, it is the duty of the court reporter, where he requires additional time to prepare his transcript, to apply to the district judge for an extension, but that his failure to do so will not be sufficient reason to strike such transcript from the record on appeal where appellant has not contributed to such delay. To this extent only does this case reaffirm the rule announced in *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910, which holds that it is the

duty of the reporter to keep the time for preparing the transcript extended, and that his failure to do so will not prejudice appellant's rights. The reason for this rule is obvious; the reporter is a court official and knows when he will require additional time, and is in contact with the district judge, who must make the order. There is no just reason why an appellant should be required to be in constant attendance upon the reporter or the court to secure his transcript, after he has obtained the order for such transcript and paid the estimated costs as required by C. S., sec. 6886.

In *Blumauer-Frank Drug Co. v. First National Bank,* 35 Ida. 436, 206 Pac. 807, this court expressly refused to follow the Fischer-Davis case, in so far as it holds that under C. S., sec. 7166, it is the duty of the clerk of the district court to obtain an extension of time in which to prepare his transcript or to file the completed record on appeal in this court.

If Rule 26 is to be given any effect, it is equally clear that appellant should not be permitted to shift upon the clerk of the district court the entire responsibility of having the completed record on appeal filed in this court within the ninety days prescribed by the rule, for the reason that where a bill of exceptions in the form of a reporter's transcript is to be part of the record on appeal, the clerk has nothing to do with its preparation and settlement, nor can he complete his record on appeal for transmission to the clerk of this court until the reporter's transcript has been settled and allowed by the judge who tried the case. When this record on appeal is completed as required by C. S., secs. 7163, 7164, 7165 and 7166, it is then the duty of the clerk to transmit three copies of this record to the clerk of this court and deliver the remaining two copies to appellant's counsel, who must serve one of them upon the adverse party.

In the instant case, it is admitted that the last step taken by the appellant to cause the completed record on appeal to be brought to this court, prior to the expiration of the time allowed by Rule 26 in which to do so, was to return to the clerk the two remaining copies of the reporter's transcript, the one he had received and the one he had served upon re-

spondent.  It is not shown that appellant made any effort to have such reporter's transcript settled and allowed by the judge who tried the cause.  Obviously, it was not the duty of the clerk to have this done, nor could he bind together his transcript and the reporter's transcript, which ordinarily make up the completed record on appeal, until the reporter's transcript was settled by the trial judge.

Rule 26 was adopted in order to prevent needless delay and to require appeals to be diligently prosecuted, but in order to avoid defeating the right of appeal where the record has not been completed within this time, Rule 28 was adopted, authorizing any member of this court to extend such time.  Where, however, the time has expired before an extension of time has been obtained, the appellant must show that he is free from fault for such failure.  No absolute rule can be laid down as to what would excuse this delay, but as stated in the specially concurring opinion of Rice, C. J., in the Moody-Crane case, it would be sufficient if it were shown that appellant had been misled by promises on the part of the officers preparing this record, and that he had been led to believe that it would be completed and filed within time, until it was too late to apply for an extension, or where the adverse party, knowing that the time has expired, has by some act or agreement induced appellant to believe that the delay had been waived.

This court, in aid of its appellate jurisdiction, will unhesitatingly grant relief against an officer upon whom the law enjoins any duty with regard to the preparation of the record on appeal, where it is shown that such officer has contumaciously or even negligently failed to perform the duty imposed upon him by the statutes and rules of this court, whereby an appellant is about to be denied his right of appeal, or has been unreasonably obstructed in obtaining the necessary record.

The time for filing the record on appeal as fixed by Rule 26 is not jurisdictional, and where the appellant has been misled by representations of the officers preparing the record that it would be ready for filing within such time, or by

some act of the adverse party inducing appellant to believe that the delay would be waived until it was too late to apply for an extension, the appeal should not be dismissed. Rule 26 having been adopted in compliance with subdivision 3 of C. S., sec. 7166, it has the same force as if it were a legislative enactment, and may only be suspended where appellant is without fault and would be, by its enforcement, unjustly or fraudulently deprived of his right to appeal.

For the reasons stated, the appeal in this case must be dismissed, and it is so ordered.

McCarthy, Dunn and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.