(September 4, 1923.)

NATIONAL PARK LUMBER COMPANY, a Corporation, Respondent, v. CHARLES A. NELSON, EDDIE E. NELSON and THEODORE A. NELSON, Copartners Doing Business Under the Firm Name and Style of NELSON BROTHERS, SHELLEY INDEPENDENT LUMBER & HARDWARE COMPANY, a Corporation, C. G. KELLER and F. E. ROBERTS, Appellants.

[218 Pac. 367.]

APPEAL AND ERROR—TIME WITHIN WHICH RECORD ON APPEAL MUST BE FILED IN THIS COURT UNDER RULE 26.

Where the record on appeal is not filed in this court within the ninety days prescribed by Rule 26, or some extension of this time obtained in the manner prescribed by Rule 28, the appeal is subject to be dismissed upon motion.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Respondent moves to dismiss appeal. *Motion granted.*

D. W. Standrod and Jas. B. Bacon, for Appellants.

Counsel for appellants, during the time that they were urging the reporter to complete his transcript of the testimony, were laboring under the thought that by the decisions of the supreme court of this state the mere fact that the supreme court had not been asked for an extension of time under Rule 28 would not be ground for striking the tran-

script or dismissing the appeal, in the absence of negligence on the part of counsel for appellants, or in event they had not contributed to the delay. (*Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910; *Moody v. Crane,* 34 Ida. 103, 199 Pac. 652.)

*Blumauer-Frank Drug Co. v. First Nat. Bank of Weiser,* 35 Ida. 436, 206 Pac. 807, was not published in the Idaho Reports until some time after the appeal in the case at bar was taken, and after the time for applying to the supreme court for an extension of time under Rule 28 had expired.

Whitcomb, Cowen & Clark, for Respondent.

In support of its motion to dismiss the appeal respondent relies upon *Gates v. Todd Commercial Co.,* 36 Ida. 784, 213 Pac. 1017; *Parkinson v. Winzler,* 36 Ida. 449, 210 Pac. 738; *Gemmell v. Collins,* 36 Ida. 416, 210 Pac. 738; *Blumauer-Frank Drug Co. v. First Nat Bank,* 35 Ida. 436, 206 Pac. 807; *Iowa S. S. Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812.

WILLIAM A. LEE, J.—Respondent National Park Lumber Company commenced this action to foreclose a materialman's lien. Nelson Brothers, the owners of the building, made no defense, and the sole appellant, Shelley Independent Lumber & Hardware Company, claims a superior lien upon the property by reason of a mortgage executed prior to the furnishing of the material, but which was not recorded until after respondent had commenced to furnish the material.

Appellant moved to have the hearing of this cause advanced, which was done, and thereupon respondent moved to dismiss the appeal on the ground that the transcript had not been filed in this court within the ninety days prescribed by Rule 26, or any extension thereof as prescribed by Rule 28. This motion to dismiss is accompanied by a certificate of the clerk of the court below to the effect that the judgment was entered on March 16, 1922; that the appeal was perfected on June 16, 1922; that the reporter's transcript was lodged with the clerk of the court below on May 25, 1923; and that the clerk transmitted the completed record to this court and the same was filed herein on June 3, 1923. It is admitted

that no extension of time for filing the transcript on appeal was obtained from this court or any justice thereof.

The counter-showing of appellant, in resisting this motion to dismiss, admits these facts, but seeks to avoid the effect of them on the ground that when the order was obtained for the clerk's and reporter's transcript on appeal, both of these officials advised counsel that they believed the record could be completed within ninety days; that such officers are efficient and trustworthy; and that appellant relied upon these assurances until after the time had expired, when counsel assumed that, the time to procure an order of extension in this court having then lapsed, it would be unavailing to apply for such extension.

It is shown that appellant made diligent efforts to secure the reporter's transcript, but was not able to obtain the same until the latter part of May, 1923, owing, as claimed by the reporter, to the unusual amount of work ahead of the preparation of this transcript.

We have so frequently held that this situation does not excuse an appellant from having the time in which to file the completed record on appeal extended under Rule 28, and that a failure to do so negatives the presumption of diligence, that we would not deem it worth while to further discuss this question were it not for the fact that appellant's counsel urges that the rule announced in *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910, excuses appellant from such failure where it appears that the clerk or the reporter has failed to prepare his transcript within this time, and that this rule was reaffirmed in *Moody v. Crane,* 34 Ida. 103, 199 Pac. 652. It is also urged that the contrary rule announced in *Blumauer-Frank Drug Co. v. First Nat. Bank,* 35 Ida. 436, 206 Pac. 807, was not promulgated until after this appeal was taken, and that, therefore, it should not apply to this case.

Counsel are in error in stating that the Moody-Crane case, *supra,* affirms the rule announced in *Fischer v. Davis.* As pointed out in *California Gulch Placer Mining Co. v. Patrick, ante,* p. 661, 218 Pac. 378, and as will be seen from an ex-

amination of the Moody-Crane case, all that it decides on this question is that after an appellant has obtained an order for a reporter's transcript and deposited the estimated fees, it then becomes the duty of the reporter to obtain from the district judge the necessary extensions of time for the preparation of his transcript, and that a failure to do so will not subject this part of the record on appeal to be stricken or prejudice the rights of appellant if he is otherwise without fault. In that case, when appellant found that there would be a delay in the preparation of the reporter's transcript, he promptly obtained from this court an extension of time in which to file his record on appeal. In *Blumauer-Frank Drug Co. v. First Nat. Bank, supra,* this court expressly refused to follow the rule of *Fischer v. Davis,* so far as it holds that C. S., sec. 7166, makes it the duty of the clerk of the district court to obtain an extension of time in which to prepare his transcript or file the transcript on appeal in this court, and that appellant is under no duty in the matter; and that an appeal will not be dismissed because the clerk has failed to apply for and obtain an extension of time.

In the more recent case of *California Gulch Placer Mining Co. v. Patrick, supra,* we endeavored to point out why the rule requiring the reporter to obtain an extension of time for the preparation of his transcript after the order had been obtained and the cost of the same deposited cannot apply to the preparation of the completed record on appeal and relieve appellant from having this record filed in this court within the ninety days, or some extension thereof, which it is his duty, and not that of the clerk, to obtain. As there said, it is not the duty of the clerk to serve a copy of the reporter's transcript on the adverse party, or, after such service, to have the trial judge settle the same, or to transmit his transcript to this court until these things have been done, where there is a reporter's transcript.

The third subdivision of C. S., sec. 7166, reads:

"3. The clerk shall complete said transcript and transmit the original and two copies to the clerk of the supreme court

or to his deputy at the place where the appeal is to be heard, together with the fees of the clerk of the supreme court collected by him as aforesaid, *within such time as is now or shall be designated by rule of the supreme court* . . . . "

In the enactment of this provision, it is apparent that the legislature believed that the time for transmitting the record on appeal to this court could more properly be left to a rule of the court than to arbitrarily fix the time by statute, and in compliance with this provision Rules 26 and 28 have been adopted. We cannot disregard the mandate of this statute and refuse to fix this time by rule; and when so fixed, it has equal dignity with a statute. If it should appear that the time as now fixed is too short, by reason of the congested conditions with regard to reporter's transcripts in some of the districts, the time should be made longer, but we cannot refuse to enforce this rule under such facts and circumstances as appear in the instant case, without in effect repealing this rule and entirely disregarding this provision of the statute.

While a failure to comply with this rule is held to be not strictly jurisdictional, in the sense that the time or manner of perfecting an appeal is jurisdictional, the court, in the exercise of a sound judicial discretion, has sought to avoid its effect wherever its enforcement would result in fraudulently depriving the appellant of his right to be heard in this court. On the other hand, where an appellant has completely ignored its provisions, there would seem to be no alternative except to dismiss the appeal.

It being conceded that the record on appeal in this case was not filed until nearly a year after the appeal was perfected, that no extension of time was asked for or had, and that no showing of diligence has been made which would bring the case within any of the recognized exceptions, the appeal must be dismissed, and it is so ordered. Costs to respondents.

McCarthy and Dunn, JJ., concur.