(October 4, 1923.)

## UTANA MINING CORPORATION, Appellant, v. SALMON RIVER POWER & LIGHT COMPANY, a Corporation, Respondent.

[218 Pac. 789.]

APPEAL—DISMISSAL—RULES 26, 28 AND 29—RECORD—OBJECTIONS TO— WHEN TAKEN—RULE 51.

1. If transcript on appeal is not filed in this court within the time prescribed by Rule 26 or such extension thereof as may be granted under Rule 28, the appeal will be dismissed on motion, according to Rule 29, unless appellant makes a showing that excuses such failure.

2. After a transcript on appeal has been filed in this court, whether within or without the time fixed by the rule of court, if a party desires to raise any of the objections mentioned in Rule 51 he must do so at the first term after the transcript is filed in this court.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action for damages. *Dismissed* for failure to file transcript within required time. *Petition for rehearing denied.*

L. E. Glennon, for Respondent.

A failure to comply with the requirements of Rule 26 of the rules of this court is ground for dismissing the appeal upon motion. (*Gates v. Todd Commercial Co.,* 36 Ida. 784, 213 Pac. 1017; *Lake & Co. v. Bales,* 36 Ida. 142, 210 Pac. 396; *Gemmell v. Collins,* 36 Ida. 416, 210 Pac. 738; *Parkinson v. Winzler,* 36 Ida. 449, 210 Pac. 738; *Blumauer-Frank Drug Co. v. First Nat. Bank,* 35 Ida. 436, 206 Pac. 807; *Iowa State Sav. Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812.)

Richards & Haga and John H. Padgham, for Appellant.

Unless the objection here raised under Rule 26 is a matter going to the jurisdiction of the court, the objection should

have been made at the first term after the filing of the transcript, under Rule 51. (4 C. J. 596.)

DUNN, J.—The appeal in this case was dismissed for failure of appellant to file the transcript within the time fixed by Rule 26 of this court. Petition for rehearing has been filed by appellant, in which it is urged that since one or more terms of court had passed after the transcript was filed before the motion to dismiss was made the motion should have been denied under Rule 51 of this court, the contention of appellant being that under the decision in the case of *Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928, wherein it is held that "failure to file and serve transcript within the time fixed by the rules of this court is not fatal to the jurisdiction," an objection to the filing of the transcript was waived by failure to move against it at the first term of court following the filing.

Rule 26 requires that the transcript on appeal be served upon the adverse party and filed in this court within ninety days after the appeal is perfected. Rule 28 provides for an extension of time to file the transcript upon good cause shown. Rule 29 provides for the dismissal of an appeal in case transcript is not filed within the time prescribed by Rules 26 and 28. These rules have reference to the dismissal of an appeal not only in a case in which no transcript has been filed at any time, but also in a case in which the transcript has been filed after the expiration of the time or an extension thereof. They do not have reference to cases in which the record has been filed, either within or without the time fixed by the rules, when a party is attacking the record as filed on account of defects mentioned in Rule 51. While it is stated in *Stout v. Cunningham, supra,* that failure to file the transcript within the time fixed by the rules of this court is not jurisdictional, it is there clearly held that in case of such failure the appeal would be dismissed unless appellant made a showing that excused his failure in this respect. This rule has been consistently followed by this court since that time, and we adhere to the same rule in

this case. (*Gates v. Todd Com. Co.*, 36 Ida. 784, 213 Pac. 1017; *H. B. Lake & Co. v. Bales*, 36 Ida. 142, 210 Pac. 396; *Gemmell v. Collins*, 36 Ida. 416, 210 Pac. 738; *Parkinson v. Winzler*, 36 Ida. 449, 210 Pac. 738; *Blumauer-Frank Drug Co. v. First Nat. Bank*, 35 Ida. 436, 206 Pac. 807; *Iowa State Savings Bank v. Twomey*, 31 Ida. 683, 175 Pac. 812; *T. W. & L. O. Naylor Co. v. Bowman*, 36 Ida. 211, 209 Pac. 1071; *Dye v. Moscow State Bank*, 36 Ida. 464, 212 Pac. 870; *California Gulch Placer Mining Co. v. Patrick*, ante, p. 661, 218 Pac. 378; *National Park Lbr. Co. v. Nelson et al.*, ante, p. 758, 218 Pac. 367.)

If the failure to file transcript in time in this case had been excused, and respondent had sought to raise any of the objections to the transcript that are covered by Rule 51, he would be held to have waived such objections if they were not taken at the first term after the transcript was filed. The objections to the transcript enumerated in Rule 51 are not made grounds for dismissing the appeal. That rule requires diligence on the part of respondent in raising objections to the record, after it is filed, on account of defects therein, while Rules 26, 28 and 29 are for the purpose of enforcing diligence on the part of appellant in bringing the record on appeal to this court.

The petition for rehearing is denied.

Budge, C. J., and McCarthy and William A. Lee, JJ., concur.

WM. E. LEE, J., Dissenting.—I cannot concur in the decision of the majority to sustain the motion to dismiss the appeal on the ground that the transcript was not filed within the ninety days fixed by Rule 26, no extension of time, as provided by Rule 28, having been applied for.

The large number of appeals dismissed by this court on the ground above stated leads me to the conclusion that we are making a mistake in strictly adhering to the foregoing rules. As was said by the supreme court of California in *People v. Williams*, 32 Cal. 280: "Rules of court should be

framed in the furtherance of justice; but they may some-
times, if strictly adhered to, work the other way.'' This
court is not unaware of the fact that in many of the judicial
districts of this state, either on account of the great volume
of business in such districts or for other reasons, in nearly
every appeal it is necessary to extend the time within which
the transcript shall be filed. It is not difficult to comply
with Rules 26 and 28, and it would seem that attorneys, in
the event it is not possible to file the transcript on appeal
within the ninety-day period, would take the precaution to
secure an extension of time. However, the fact remains that
a great many overlook this requirement; and in dismissing
appeals on this account, we are not punishing those who are
guilty of a lack of diligence; we are punishing their clients.
Courts are established and maintained for the purpose of
administering justice. Each and every case should be de-
cided on its merits, and no case should be determined on a
technicality where determination on the merits is possible.

When a litigant desires to appeal to this court, certain
things are by law required of him. He must serve upon the
adverse party, and file in the district court, a notice of
appeal. This notice must be accompanied or followed by an
undertaking on appeal. In order to secure the clerk's tran-
script, a praecipe, setting forth the papers to be contained in
such transcript, must be filed with the clerk. In order to
secure the reporter's transcript, the litigant must procure
an order therefor signed by the district judge, and he must
serve the same on the reporter. At the time of requiring
the services of these officers, their estimated fees, as well as a
deposit to cover certain costs in this court, must be paid in
advance. The clerk and the court reporter are public offi-
cers. It is presumed that they will perform their duties
and that they will prepare their transcripts at the earliest
possible day. An attorney who is prosecuting an appeal,
after complying with the foregoing requirements, should not
be expected to continually importune these public officers to
do their duty, and keep a watchful eye on them to determine
whether or not they will have their transcripts prepared so

that they may be served, settled and lodged in this court within the time provided by the rules. It would seem that a rule of this court fixing the time within which the transcript on appeal shall be filed in this court, after the same has been furnished the attorney for appellant, would result in the determination of more cases on their merits, and fewer would be dismissed on a pure technicality. I favor the adoption of such a rule.

It is the duty of the members of this court, as well as the attorneys who practice before it, to conform to its rules. I do not intend to encumber the reports with dissenting opinions on this subject, and I have set forth my views here in the hope that they may have some weight with my brethren, and result in a change of the rules of this court.