(November 1, 1923.)

## INTERMOUNTAIN ASSOCIATION OF CREDIT MEN, a Corporation, Respondent, v. REXBURG FARMERS SOCIETY OF EQUITY, LTD., a Corporation, Appellant.

[220 Pac. 114.]

APPEAL AND ERROR—DISMISSAL UNDER RULE 26.

Where the transcript on appeal has not been filed within ninety days after the appeal has been perfected, as required by Rule 26 of this court, and no extension of time in accordance with Rule 28 has been obtained before the expiration of such time, the appeal will be dismissed unless the appellant is without fault in the matter.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. George W. Edgington, Judge.

Motion to dismiss appeal. *Appeal dismissed.*

L. Tom Perry, for Respondent.

Appeal will be dismissed on failure to file transcript as required by law. (4 C. J., secs. 2206 and 2379; *First Nat. Bank of American Falls v. Shaw,* 24 Ida. 134, 132 Pac. 802; *State v. Jewett,* 27 Ida. 147, 147 Pac. 288; *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728; *Finney v. American Bonding Co.,* 13 Ida. 534, 90 Pac. 859, 91 Pac. 318.)

Miller & Ricks for Appellant, file no brief on motion.

WILLIAM A. LEE, J.—Respondent moves to strike from the transcript on appeal the bill of exceptions and dismiss the appeal.

In support of both motions it assigns numerous reasons, but in view of the record, and one of the grounds assigned

for a dismissal of the appeal, we do not deem it necessary to consider the motion to strike.

The third assignment in support of the motion to dismiss the appeal is that "the transcript on appeal was not filed with the supreme court or the clerk thereof within the time provided by law and the rules of said court for the filing of said transcript."

The judgment was entered September 23, 1922, and the appeal therefrom was perfected December 20th thereafter. On March 27, 1923, counsel for appellant applied for and obtained from the Chief Justice an order for an extension of time in which to file and serve a completed transcript on appeal. The affidavit in support of the application for this order assigns no reason for the delay except that the clerk of the district court "has been so rushed with business that the transcript on appeal has not been made up and that an extension of sixty days is necessary for the purpose of preparing the transcript."

We have repeatedly held that an application for an extension of time in which to file the record on appeal in this court must be obtained before the time has expired, or some sufficient reason shown why the application was not made within this time, and further, that an order granting an extension of time for the filing of the record on appeal, if made by any justice of this court after the time has expired, is made without prejudice to the right of the adverse party to move for a dismissal of the appeal. Rule 26 of this court requires the application for an extension of time to be made within ninety days after perfecting the appeal, and if such order is not obtained before this time expires, the appeal will be subject to dismissal, unless appellant shows some justification for not having obtained the order within the proper time. This appeal should be dismissed, under the authority of *T. W. & L. O. Naylor Co. v. Bowman,* 36 Ida. 211, 209 Pac. 1071; *H. B. Lake & Co. v. Bales,* 36 Ida. 142, 210 Pac. 396; *Gemmell v. Collins,* 36 Ida. 416, 210 Pac. 738; *Dye v. Moscow State Bank,* 36 Ida. 464, 212 Pac. 870; *Gates v. Todd*

*Commercial Co.,* 36 Ida. 784, 213 Pac. 1017; *California Gulch Placer Min. Co. v. Patrick,* 37 Ida. 661, 218 Pac. 378.

It follows that if the appeal is dismissed, a consideration of the motion to strike the bill of exceptions would serve no useful purpose.

Budge, C. J., and McCarthy and Dunn, JJ., concur.

WM. E. LEE, J.—I dissent for the reasons stated in my dissenting opinion in *Utana Mining Corp. v. Salmon River Power & Light Co.,* 37 Ida. 793, 218 Pac. 789.