## JESSE H. NIELSON and C. E. CRIDDLE, Respondents, v. BOARD OF COUNTY COMMISSIONERS OF BONNEVILLE COUNTY, Appellants.

[234 Pac. 686.]

APPEAL AND ERROR—DISMISSAL—EXTENSION OF TIME TO FILE TRANSCRIPT.

Under sufficient showing, though extension of time to file transcript was not secured, appeal will not be dismissed.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. Ralph W. Adair, Judge.

40 Idaho—31

Motions to dismiss appeals.    *Denied.*

Otto E. McCutcheon, for Appellant.

What the court really has decided in the cases generally cited in support of motions to dismiss on this ground is that the failure to apply for extension of time to file transcript under Rule 28, if reasonably justified by appellant's showing, will be excused. (*Iowa State Savings Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812; *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148; *Blumauer-Frank Drug Co. v. First Nat. Bank,* 35 Ida. 436, 206 Pac. 807; *Intermountain Assn., etc., v. Rexburg Farmers' Society, etc.,* 38 Ida. 121, 220 Pac. 114.)

In *Parkinson v. Winzler,* 36 Ida. 449, 210 Pac. 738, the court said: "Appellant has shown no satisfactory reason why within the ninety-day period an order extending the time was not obtained from this court."

Appellant in this case is confident that the showing made in opposition to the motion to dismiss presents a satisfactory reason for the failure to file the transcript and the like failure to apply for an extension of time within which to file the transcript.

C. E. Crowley and Holden & Mote, for Respondents, file no brief.

GIVENS, J.—Respondents move to dismiss three appeals, different only as to parties respondent, on the ground that the transcripts were not filed within the time provided by Rule 26 of this court and no extensions were secured. Appellants admit the above facts but claim there was excusable neglect in that the court reporter had been unavoidably delayed in getting out the transcripts but had advised counsel that he hoped to get them out before the time limit; that Otto E. McCutcheon, counsel for appellants, had a case before the circuit court of appeals in California and in order to make his appearance there was compelled to leave Oct. 27th, the time for filing the transcripts expiring Oct. 20th, and he

told his stenographer to give O. E. McCutcheon, his assistant, the following note of instructions:

"Transcripts for County Cases to Sup. Court are due 10/20. If they come proper copies should be served on Holden & Mote (2 cases) and Crowley (1 case). Get extensions."

That by the last two words he meant to direct that extensions be secured from the court but that his assistant misunderstood and did not do so.

This court has never held that failure to obtain an extension of time is conclusive and absolute proof of negligence which cannot be rebutted. (*California Gulch P. Min. Co. v. Patrick*, 37 Ida. 661, 218 Pac. 378, and cases cited.)

It does not appear that the appellants were in any way responsible for the delay in the preparation of the reporter's transcripts, which have not yet been completed; therefore, appellants' failure to secure the extension of time has in no way prejudiced respondents nor has it delayed the completion and filing of the record. The securing of an extension would not have expedited the appeals in any way.

Motion denied.

Wm. E. Lee and Taylor, JJ., concur.

Budge, J., sat at the hearing but took no part in the decision.

WILLIAM A. LEE, C. J., Concurring Specially.—I concur in the order denying the motions to dismiss the appeals in each of the foregoing cases, but not for the reasons stated in the opinion.

It has been uniformly held that a failure to file the transcript on appeal within the time fixed by Rule 26, or some extension of the time as provided for by Rule 28, negatives diligence. (*Strand v. Crooked River Min. Co.*, 23 Ida. 577, 131 Pac. 5; *First Nat. Ek. of American Falls v. Shaw*, 24 Ida. 134, 132 Pac. 802; *Coon v. Sommercamp*, 26 Ida. 776, 146 Pac. 728; *Stout v. Cunningham*, 29 Ida. 809, 162 Pac. 928; *Boise Payette Lumber Co. v. McCarthy*, 31 Ida. 305, 170

Pac. 920; *Iowa State Sav. Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812; *Blumauer-Frank Drug Co. v. First Nat. Bk.,* 35 Ida. 436, 206 Pac. 807; *H. B. Lake & Co. v. Bales,* 36 Ida. 142, 210 Pac. 396; *Gemmell v. Collins,* 36 Ida. 416, 210 Pac. 738; *Parkinson v. Winzler,* 36 Ida. 449, 210 Pac. 738; *Gates v. Todd Commercial Co.,* 36 Ida. 784, 213 Pac. 1017; *California Gulch P. Min. Co. v. Patrick,* 37 Ida. 661, 218 Pac. 378; *National Park Lbr. Co. v. Nelson,* 37 Ida. 758, 218 Pac. 367; *Utana M. Corp. v. Salmon River P. & L. Co.,* 37 Ida. 793, 218 Pac. 789.)

The majority opinion assigns as a reason for not dismissing these appeals that respondent has not suffered any injury by the delay and that it does not appear that appellants are responsible for the delay in the preparation of the transcripts required to complete the record on appeal. This gives to Rule 26 a construction directly contrary to that given it in the foregoing cases and many others that have been decided under this rule.

C. S., sec. 7166, requires the clerk of the court below to transmit the record on appeal to the clerk of this court "within such time as is now or shall be designated by rule of the supreme court." Therefore, Rule 26, when construed in connection with this statute, has the force and effect of a legislative enactment. (*California Gulch P. Min. Co. v. Patrick,* supra.) To now hold that the rule does not apply unless respondent has been injured or unless appellants are responsible for the delay in filing the transcripts, nullifies the rule.

It is within the province of this court to repeal or modify its rules in any manner that may be necessary or expedient in the interest of justice, but it is not within the proper province of any court to legislate a rule or statute out of existence by judicial construction.

It is well known that in a number of the judicial districts of the state official court reporters are unable to prepare their transcripts of the evidence within the time allowed by this rule, and for this reason repeated extensions of time are frequently necessary in order to enable appellant to

obtain a transcript and file a completed record on appeal in this court. These extensions of time are granted, as of course, under Rule 28 by any member of this court, provided the application be made before the time has expired, or a sufficient justification is shown for a failure to have the time extended, but because counsel for appellants frequently neglect to apply for this extension, appeals are dismissed under the rule. I think that in most cases such dismissals visit upon the appellant a penalty for the negligence of his counsel that is often out of proportion to the offense, and that the rule should be repealed or modified in such manner as to penalize the attorney and still permit the appellant to be heard upon the merits of his case, where he promptly files the record after his attention is called to his failure.

I do not concur in the reasons given for the refusal to dismiss the appeal in *Booth v. Drainage District, post,* p. 549, 235 Pac. 895, for the reason that I do not think there is any showing of diligence on the part of appellant. I concur in the refusal to dismiss this appeal because I believe the rule should be either repealed or modified, for the reasons above stated.

No uniform standard of diligence can be fixed, and where a motion to dismiss an appeal is denied in some cases and allowed in others, it leaves the appellate procedure too indefinite and uncertain. Parties may never know when their appeals are to be dismissed for a failure to get their records into the appellate court within the time allowed by the rule, or excused for such delay on the ground that they show proper diligence.

The rules of procedure in an appellate court should not be changed by judicial construction with every change in the personnel of the court. If a rule, for good and sufficient reason, is found to be objectionable it should be modified or repealed, but a court should never resort to the expediency of giving it a construction contrary to its plain intent and meaning in order to avoid its operation, but should meet the question by a change in the rule.